**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PALO ALTO NETWORKS, INC., | Civil Action No. 22-_____ |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| TAASERA LICENSING LLC, and QUEST PATENT RESEARCH CORPORATION, | |
| Defendants. | |

**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT**

Plaintiff Palo Alto Networks, Inc. ("Palo Alto Networks"), by its attorneys, Ropes & Gray LLP, files this Complaint against Defendants Taasera Licensing LLC ("Taasera Licensing") and Quest Patent Research Corporation ("Quest") (collectively, "Defendants"), and hereby alleges as follows:

**NATURE OF THE ACTION**

1.     This action arises from Defendants' efforts at enforcement of U.S. Patent Nos. 6,842,796, entitled "Information Extraction from Documents with Regular Expression Matching" (the "'796 Patent"); 7,673,137 entitled "System and Method for the Managed Security Control of Processes on a Computer System" (the "'137 Patent"); 8,127,356 entitled "System, Method and Program Product for Detecting Unknown Computer Attacks" (the "'356 Patent"); 8,327,441, entitled "System and Method for Application Attestation" (the "'441 Patent"); 8,850,517, entitled "Runtime Risk Detection Based on User, Application, and System Action Sequence Correlation" (the "'517 Patent"); 8,955,038, entitled "Methods and Systems for Controlling Access to Computing Resources Based on Known Security Vulnerabilities" (the "'038 Patent"); 8,990,948,

entitled "Systems and Methods for Orchestrating Runtime Operational Integrity" (the "'948 Patent"); 9,092,616, entitled "Systems and Methods for Threat Identification and Remediation" (the "'616 Patent"); 9,923,918, entitled "Methods and Systems for Controlling Access to Computing Resources Based on Known Security Vulnerabilities" (the "'918 Patent") (collectively, the "Patents-in-Suit").  Palo Alto Networks asserts claims for declaratory judgment of non-infringement of the Patents-in-Suit.

## PARTIES

2.      Plaintiff Palo Alto Networks is a Delaware corporation that has its principal place of business at 3000 Tannery Way, Santa Clara, California 95054 and maintains an office in this judicial District at 350 Fifth Avenue, 40th Floor, Ste. 4010, New York, NY 10118.  Palo Alto Networks is a global leader in the design, development, and distribution of advanced cybersecurity solutions.

3.      On information and belief, Defendant Taasera Licensing is a limited liability company organized and existing under the laws of the State of Texas, with a purported place of business located at 100 West Houston Street, Marshall, Texas 75670.

4.      On information and belief, Defendant Quest is a Delaware corporation that has its principal place of business at 411 Theodore Fremd Ave., Suite 206S, Rye, NY 10580.  A recent SEC filing by Quest identifies Taasera Licensing as a wholly-owned subsidiary of Quest.  *See* Quest Patent Research Corporation, Form 10-Q for the period ending March 31, 2021, at pp. i, 20.  On information and belief, Taasera Licensing is an alter ego of Quest.

## JURISDICTION AND VENUE

5.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has personal jurisdiction over Defendants in this District.  Upon information and belief, Taasera Licensing, directly and/or through its agents, including its parent and sole manager Quest, has regularly conducted business activities in New York and this judicial District, and this action arises out of and relates to those activities that Taasera Licensing has purposefully engaged in within, and directed at, New York and this judicial District.  Upon information and belief, Quest's principal place of business is in this District and it is effectively at home in this District.

7.      Upon information and belief, in this judicial District, Taasera Licensing (alone or together with Quest) negotiated and/or entered into one or more agreements with Daedalus Blue LLC ("Daedalus"), with offices in Bronxville, NY within this judicial District, for the acquisition of one or more of the Patents-in-Suit, which Patents-in-Suit were previously, and in at least some cases originally, developed and owned by IBM in NY.  Further, upon information and belief, Taasera Licensing has an ongoing relationship with Daedalus in this judicial District relating to the enforcement of one or more of the Patents-in-Suit, pursuant to which Daedalus has agreed to an ongoing obligation to "take all reasonable steps necessary and proper" to confirm the assignment of one or more of the Patents-in-Suit to Taasera Licensing, including without limitation to execute "specific assignments, oaths, declarations, and other documents." Defendants' enforcement of its patents against Palo Alto Networks arises out of and relates to these contacts with and activities in New York.

8.    Further, upon information and belief, in this judicial District, Taasera Licensing (alone or together with Quest) negotiated and/or entered into one or more agreements with Fabricant LLP relating to the enforcement of Taasera Licensing's patents against Palo Alto Networks.

9.    In addition, upon information and belief, Taasera Licensing has entered into one or more oral or written agreements with Quest in this District relating to Taasera Licensing's enforcement of its patents against Palo Alto Networks.  Further, upon information and belief, Quest, which has a principal office in Rye, NY in this judicial District, is the sole parent of Taasera Licensing and exercises complete control over the operations of Taasera Licensing. Upon further information and belief, Quest has purposefully undercapitalized Taasera Licensing (and itself) in order to avoid payment of any adverse judgment against Quest or Taasera Licensing.  For example, Quest stated in a recent SEC filing, "Since the operating subsidiaries [including Taasera Licensing] do not have any assets other than the patents, and the Company [Quest] does not have any available financial resources to pay any judgment which a defendant may obtain against a subsidiary, such a judgment may result in the bankruptcy of the subsidiary and/or the loss of the patents, which are the subsidiaries' only assets.'"  Quest Patents Research Corporation, Form 10-Q for the period ending March 31, 2021, at p.20.  Accordingly, for these and other reasons, including on information and belief the failure to follow corporate formalities, Quest's extensive contacts with New York and this judicial District, in which Quest is effectively "at home," should be and are imputed to Taasera Licensing, further making the exercise of personal jurisdiction by this Court over Taasera Licensing just, proper, and consistent with Due Process.

10.    Venue is proper in this judicial district based on 28 U.S.C. §§ 1391(b)-(c).

## FACTUAL ALLEGATIONS

## THE PATENTS-IN-SUIT

11.     The '796 Patent states on its cover that it was issued on January 11, 2005 to named inventors Geoffrey G. Zweig of Greenwich, Connecticut; and Mukund Padmanabhan of Plains, New York.

12.     The '137 Patent states on its cover that it was issued on March 2, 2010 to named inventors Thomas James Satterlee of Felton, California; and William Frank Hackenberger of Los Altos, California.

13.     The '356 Patent states on its cover that it was issued on February 28, 2012 to named inventors Frederic G. Thiele of Broomfield, Colorado; and Michael A. Walter of Longmont, Colorado.

14.     The '441 Patent states on its cover that it was issued on December 4, 2012 to named inventors Srinivas Kumar of Cupertino, California; and Gurudatt Shashikumar of Foster City, California.

15.     The '517 Patent states on its cover that it was issued on September 30, 2014 to named inventor Srinivas Kumar of Cupertino, California.

16.     The '038 Patent states on its cover that it was issued on February 10, 2015 to named inventors Blair Nicodemus of North Wales, Pennsylvania; and Billy Edison Stephens of West Chester, Pennsylvania.

17.     The '948 Patent states on its cover that it was issued on March 24, 2015 to named inventors Srinivas Kumar of Cupertino, California; and Dennis Pollutro of Clymer, New York.

18.     The '616 Patent states on its cover that it was issued on July 28, 2015 to named inventors Srinivas Kumar of Cupertino, California; and Dennis Pollutro of Clymer, New York.

19.     The '918 Patent states on its cover that it was issued on March 20, 2018 to named inventors Blair Gaver Nicodemus of North Wales, Pennsylvania; and Billy Edison Stephens of West Chester, Pennsylvania.

## DISPUTE BETWEEN PALO ALTO NETWORKS AND

## TAASERA LICENSING CONCERNING THE PATENTS-IN-SUIT

20.     On February 25, 2022, Taasera Licensing, by and through its attorneys, filed a lawsuit against Palo Alto Networks in the United States District Court for the Eastern District of Texas.  *See* Complaint, *Taasera Licensing LLC v. Palo Alto Networks, Inc.*, No. 2:22-cv-00062-JRG-RSP (E.D. Tex. Feb. 25, 2022).  Taasera Licensing's Complaint alleges that Palo Alto Networks infringes the Patents-in-Suit and provides "examples" of allegedly infringing Palo Alto Networks products:  Palo Alto Cortex XDR, PAN-OS, and Next Generation Firewalls (NGFW). (collectively, the "Accused Products").  *See, e.g.*, *id.* ¶ 30.  On March 18, 2022, after having served Palo Alto Networks with that Complaint, Taasera Licensing unilaterally and voluntarily dismissed that action—but did so without prejudice.

21.     Accordingly, an actual and justiciable controversy exists between Palo Alto Networks and Defendants concerning whether Palo Alto Networks infringes one or more claims of any of the Patents-in-Suit.  Palo Alto Networks now seeks a declaratory judgment that Palo Alto Networks does not infringe the claims of the Patents-in-Suit.

## CLAIMS FOR RELIEF

### COUNT ONE:
### Declaratory Judgment of Non-Infringement of the '796 Patent

22.     This is a claim for declaratory judgment of non-infringement of the '796 Patent. The allegations of Paragraphs 1 through 21 above are repeated as though fully set forth herein.

23.     Palo Alto Networks is not infringing and has not infringed, directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, any claim of the '796 Patent.

24.     Palo Alto Networks is entitled to a judicial declaration and order that it does not infringe and has not infringed any claim of the '796 Patent.

**COUNT TWO:**
**Declaratory Judgment of Non-Infringement of the '137 Patent**

25.     This is a claim for declaratory judgment of non-infringement of the '137 Patent. The allegations of Paragraphs 1 through 24 above are repeated as though fully set forth herein.

26.     Palo Alto Networks is not infringing and has not infringed, directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, any claim of the '137 Patent.

27.     Palo Alto Networks is entitled to a judicial declaration and order that it does not infringe and has not infringed any claim of the '137 Patent.

**COUNT THREE:**
**Declaratory Judgment of Non-Infringement of the '356 Patent**

28.     This is a claim for declaratory judgment of non-infringement of the '356 Patent. The allegations of Paragraphs 1 through 27 above are repeated as though fully set forth herein.

29.     Palo Alto Networks is not infringing and has not infringed, directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, any claim of the '356 Patent.

30.     Palo Alto Networks is entitled to a judicial declaration and order that it does not infringe and has not infringed any claim of the '356 Patent.

**COUNT FOUR:**
**Declaratory Judgment of Non-Infringement of the '441 Patent**

31.     This is a claim for declaratory judgment of non-infringement of the '441 Patent. The allegations of Paragraphs 1 through 30 above are repeated as though fully set forth herein.

32.     Palo Alto Networks is not infringing and has not infringed, directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, any claim of the '441 Patent.

33.     Palo Alto Networks is entitled to a judicial declaration and order that it does not infringe and has not infringed any claim of the '441 Patent.

**COUNT FIVE:**
**Declaratory Judgment of Non-Infringement of the '517 Patent**

34.     This is a claim for declaratory judgment of non-infringement of the '517 Patent. The allegations of Paragraphs 1 through 33 above are repeated as though fully set forth herein.

35.     Palo Alto Networks is not infringing and has not infringed, directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, any claim of the '517 Patent.

36.     Palo Alto Networks is entitled to a judicial declaration and order that it does not infringe and has not infringed any claim of the '517 Patent.

**COUNT SIX:**
**Declaratory Judgment of Non-Infringement of the '038 Patent**

37.     This is a claim for declaratory judgment of non-infringement of the '038 Patent. The allegations of Paragraphs 1 through 36 above are repeated as though fully set forth herein.

38.     Palo Alto Networks is not infringing and has not infringed, directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, any claim of the '038 Patent.

39.     Palo Alto Networks is entitled to a judicial declaration and order that it does not infringe and has not infringed any claim of the '038 Patent.

**COUNT SEVEN:**
**Declaratory Judgment of Non-Infringement of the '948 Patent**

40.     This is a claim for declaratory judgment of non-infringement of the '948 Patent. The allegations of Paragraphs 1 through 39 above are repeated as though fully set forth herein.

41.     Palo Alto Networks is not infringing and has not infringed, directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, any claim of the '948 Patent.

42.     Palo Alto Networks is entitled to a judicial declaration and order that it does not infringe and has not infringed any claim of the '948 Patent.

## COUNT EIGHT:
### Declaratory Judgment of Non-Infringement of the '616 Patent

43.     This is a claim for declaratory judgment of non-infringement of the '616 Patent. The allegations of Paragraphs 1 through 42 above are repeated as though fully set forth herein.

44.     Palo Alto Networks is not infringing and has not infringed, directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, any claim of the '616 Patent.

45.     Palo Alto Networks is entitled to a judicial declaration and order that it does not infringe and has not infringed any claim of the '616 Patent.

## COUNT NINE:
### Declaratory Judgment of Non-Infringement of the '918 Patent

46.     This is a claim for declaratory judgment of non-infringement of the '918 Patent. The allegations of Paragraphs 1 through 45 above are repeated as though fully set forth herein.

47.     Palo Alto Networks is not infringing and has not infringed, directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, any claim of the '918 Patent.

48.     Palo Alto Networks is entitled to a judicial declaration and order that it does not infringe and has not infringed any claim of the '918 Patent.

## DEMAND FOR JURY TRIAL

Palo Alto Networks hereby demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Palo Alto Networks respectfully requests the following relief:

(1)  The Court enter a declaratory judgment that Palo Alto Networks in not infringing and has not infringed, directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, any claim of each of the Patents-in-Suit;

(2)  Preliminarily and permanently enjoining each of Taasera Licensing and Quest, and each of their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice by personal service or otherwise, from asserting or threatening to assert against Palo Alto Networks or its customers, potential customers, or users of the Palo Alto Networks Accused Products, any charge of infringement of any claims of the Patents-in-Suit;

(3)  Awarding to Palo Alto Networks its costs and attorneys' fees; and

(4)  Granting to Palo Alto Networks such other and further relief as this Court may deem just and proper.


Respectfully submitted,


Date: March 22, 2022              By: */s/ Andrew T. Radsch*
                                      James R. Batchelder (pro hac vice forthcoming)
                                      Andrew T. Radsch (admitted in SDNY)
                                      **ROPES & GRAY LLP**
                                      1900 University Ave. Sixth Floor
                                      East Palo Alto, CA 94303-2284
                                      Telephone: (650) 617-4000
                                      james.batchelder@ropesgray.com
                                      andrew.radsch@ropesgray.com

                                      *Attorneys for Plaintiff,*
                                      PALO ALTO NETWORKS, INC.