

ALFRED R. FABRICANT

DIRECT: 212.257.5795
FAX: 212.257.5796

FFABRICANT@FABRICANTLLP.COM

May 31, 2022

<u>VIA ECF</u>

The Honorable Judge Edgardo Ramos
United States District Judge
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

   RE: *Palo Alto Networks, Inc. v. Taasera Licensing LLC*
     *and Quest Patent Research Corporation*
     Case No. 1:22-cv-02306-ER/SDA (S.D.N.Y.)

Dear Judge Ramos:

  We represent Defendant Taasera Licensing LLC ("Defendant") in the above-referenced matter. Pursuant to Your Honor's Individual Practice Rule 3.ii., Defendant respectfully requests permission to file under seal an unredacted version of the Motion to Dismiss for Lack of Subject Matter Jurisdiction, or in the Alternative, to Dismiss for Failure to State a Claim, supporting memorandum of law, and supporting Declaration of Tim Scahill.

  Plaintiff filed this action on March 22, 2022, asserting declaratory judgment claims for, *inter alia*, non-infringement. (D.I. 1.) Plaintiff then filed its First Amended Complaint (the "Complaint"), on May 14, 2022. (D.I. 21). Defendant's memorandum in support of its motion to dismiss and supporting declaration describes confidential business and agreement information, which will be redacted from the publicly filed versions. Filing an unsealed, unredacted version of the memorandum and declaration would disclose the information publicly, violating certain agreement confidentiality provisions.

  In reviewing a motion to seal, courts consider three factors: (1) whether the document is a "judicial document"; (2) "the weight of the presumption of access to that document"; and (3) whether "the factors that legitimately counsel against disclosure of the judicial document" outweigh the presumption of access. *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020); *see also Lugosch v. Pyramid Co, of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). One factor that weighs

**FABRICANT LLP**

The Honorable Judge Edgardo Ramos
United States District Judge
May 31, 2022
Page 2

against disclosure is privacy interests, such as the "interest in protecting confidential business information." *Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009). This Court has sealed judicial documents where such confidential business information would be disclosed. *See, e.g.*, *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (finding the "the privacy interests of the defendants outweigh the presumption of public access" for documents containing "highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting"); *Living Abroad LLC v. World Trade Resource, Inc. et al.*, No. 7-18-cv-00595 (S.D.N.Y. Jan. 23, 2018), D.I.. 4 (granting motion to seal agreements containing commercially sensitive information).

Here, the memorandum and declaration include confidential business and agreement information, and Defendant wishes to maintain the information as confidential. At the same time, Plaintiff would be prejudiced if it were unable to reference the information in bringing its declaratory judgment claims.

For the above reasons, Defendant respectfully requests that this motion to seal be granted. We thank the Court for its consideration of the within request.

Dated: May 31, 2022

Respectfully submitted,

/s/ *Alfred R. Fabricant*
Alfred R. Fabricant
NY Bar No. 2219392
Email: ffabricant@fabricantllp.com
**FABRICANT LLP**
411 Theodore Fremd Avenue,
 Suite 206 South
Rye, New York 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

***ATTORNEYS FOR DEFENDANT***
***TAASERA LICENSING LLC***