

ALFRED R. FABRICANT

DIRECT: 212.257.5795
FAX: 212.257.5796

FFABRICANT@FABRICANTLLP.COM

June 1, 2022

**VIA ECF**

The Honorable Edgar Ramos, U.S.D.J.
United States District Court, S.D.N.Y.
40 Foley Square
New York, NY 10007

      RE:    Request for Pre-Motion Conference in *Palo Alto Networks, Inc. v. Taasera Licensing LLC and Quest Patent Research Corporation*
             Case No. 1:22-cv-02306-ER/SDA (S.D.N.Y.)

Dear Judge Ramos:

Pursuant to Paragraph 2(A)(ii) of Your Honor's Individual Practices, Taasera Licensing LLC ("Taasera") hereby requests a pre-motion conference regarding the filing of a motion to dismiss the Amended Complaint in this Action.

Taasera, a wholly-owned subsidiary of co-defendant Quest Patent Research Corporation ("QPRC"), is incorporated in Texas and has one office, also located in Texas. On February 25, 2022, Taasera filed an action for patent infringement against Palo Alto Networks, Inc. ("Palo Alto"), the plaintiff in this action. Taasera voluntarily dismissed that case on March 22, 2022.

This is a declaratory judgment action, in which Palo Alto seeks a declaration that it does not infringe the patents that were asserted in the original Eastern District of Texas action by Taasera. Palo Alto named both Taasera and QPRC as defendants in this action. Taasera will be moving to dismiss the Amended Complaint for lack of personal jurisdiction and failure to state a claim under FRCP 12(b)(6).

To determine whether there is specific personal jurisdiction, courts evaluate the totality of the defendant's activity within the forum, and whether there is "an articulable nexus, or substantial relationship, between the claim asserted and the actions that occurred in New York." *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007). Taasera is a Texas entity, with one office in Texas, and its manager is based in Germany. Taasera has no contacts with New York aside from being a wholly-owned subsidiary of QPRC, which has an office in Rye, New York. This Court lacks both general and specific personal jurisdiction over Taasera, as the only act which Palo Alto pleads to support a case or controversy is "[Taasera's] efforts at enforcement of [the Patents-in-Suit]" toward Palo Alto. Dkt. 21, at ¶ 1, 20, and 21. Taasera's efforts at enforcement took place in Texas, where it filed an action for patent infringement against Palo Alto. Palo Alto's Amended

Complaint points to numerous other fabricated and irrelevant contacts between Taasera and New York, including that some of the patents were invented and originally assigned to IBM, based in Armonk, that Taasera's attorneys are also located in New York, and that Taasera purchased some of the patents from a Delaware company that is also based in New York. But specific personal jurisdiction over a claim requires "an affiliation between the forum and the underlying controversy." *Bristol-Myers Squibb Co. v. Superior Ct. of Cal., S.F. Cty.*, 137 S. Ct. 1773, 1781 (2017). None of the "connections" to New York are related to Palo Alto or the infringement action in Texas, and do not give rise to specific personal jurisdiction in this instance.

Palo Alto attempts to impute QPRC's contacts with New York to Taasera using an alter ego analysis, explaining why they improperly named a defendant that does not own any of the patents as a defendant in this suit. But Taasera and QPRC are not alter egos of one another, and Palo Alto has failed to plead the elements necessary to find such a relationship. Palo Alto has failed to allege that QPRC exercises domination over Taasera, and that such domination was used to commit a fraud or wrong that injured the party. *Thrift Drug, Inc. v. Universal Prescription Adm'rs*, 131 F.3d 95, 97 (2d Cir. 1997). Indeed, there is no injury to Palo Alto whatsoever, as absent this declaratory judgment action, there would be no relationship between Palo Alto and Taasera.

Taasera will also be moving to dismiss the Amended Complaint for failure to state a claim for non-infringement, as it does not meet any rational pleading standards. Palo Alto's complaint offers no allegations of fact whatsoever in support of its nine claims of non-infringement, merely alleging in boilerplate that its products do not infringe any claim of the asserted patents, followed by a recitation of one claim element for each patent. Dkt. 21, ¶¶ 23, 27, 31, 35, 39, 34, 47, 51, and 55. Palo Alto has not pled *any* facts regarding how its products work or why they do not practice the identified claim elements, and thus it must be dismissed for failure to state a claim. *E&E Co. v. London Luxury LLC*, 1:20-cv-09610, 2021 WL 5357474 at *3 (S.D.N.Y. Nov. 17, 2021).

We are available at the Court's convenience for a pre-motion conference.

    Respectfully submitted,

    s/ *Alfred R. Fabricant*
    Alfred R. Fabricant
    NY Bar No. 2219392
    Email: ffabricant@fabricantllp.com
    **FABRICANT LLP**
    411 Theodore Fremd Avenue,
    Suite 206 South
    Rye, New York 10580
    Telephone: (212) 257-5797
    Facsimile: (212) 257-5796

    ***ATTORNEYS FOR DEFENDANT***
    ***TAASERA LICENSING LLC***