

Tarter Krinsky & Drogin LLP
1350 Broadway
New York, NY 10018
P 212.216.8000
F 212.216.8001
www.tarterkrinsky.com

**Mark J. Rosenberg**
Partner
212-216-1127
mrosenberg@tarterkrinsky.com

June 1, 2022

<u>**Via ECF**</u>

Hon. Edgardo Ramos
United States District Court
 Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    *Palo Alto Networks, Inc. v. Taasera Licensing LLC and Quest Patent Research Corporation*, No. 1:22-cv-02306-ER

Dear Judge Ramos:

      This firm represents defendant Quest Patent Research Corporation ("Quest") in the above action. Pursuant to Section 2(A)(ii) of Your Honor's Individual Practices, we write to request a pre-motion conference regarding Quest's anticipated motion to dismiss the Amended Complaint, (Dkt. 21), for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) and, in the alternative, for failure to state a claim pursuant to Rule 12(b)(6).

      In this action, plaintiff Palo Alto Networks, Inc. ("Palo Alto") filed the Amended Complaint against both Quest and its wholly-owned subsidiary Taasera Licensing LLC ("Taasera") seeking a declaration that Palo Alto does not infringe the nine patents that Taasera asserted against Palo Alto in a prior action in the Eastern District of Texas. That action has since been dismissed. Quest intends to move to dismiss the Amended Complaint in this action because Quest is neither the owner nor the exclusive licensee of the patents for which Palo Alto seeks a declaration of non-infringement. In a declaratory judgment action for non-infringement, a proper defendant is a party who has standing to sue as a plaintiff in an infringement action. *Fina Rsch., S.A. v. Baroid Ltd*., 141 F.3d 1479, 1481 (Fed. Cir. 2008). Standing in an action for patent infringement rests with the patent owner or the exclusive licensee. 35 U.S.C. §§ 100, 281; *WiAV Sols. LLC v. Motorola, Inc*., 631 F.3d 1257, 1264 (Fed. Cir. 2010). "[B]ecause [Quest has] no legal interest in the [asserted patents] and therefore could not bring suit for patent infringement, there [i]s no actual controversy between [the parties] that would support jurisdiction under the Declaratory Judgment Act." *Fina Research*, 141 F.3d at 1480-81.

      Further precluding subject matter jurisdiction is that the Amended Complaint does not allege that Quest has ever enforced or threatened to enforce any of the asserted patents against Palo

Hon. Edgardo Ramos
June 1, 2022
Page 2

Alto. "[T]o establish an injury in fact traceable to the patentee, a declaratory judgment plaintiff must allege both (1) an affirmative act by the patentee related to the enforcement of his patent rights, and (2) meaningful preparation to conduct potentially infringing activity." *Ass'n for Molecular Pathology v. U.S.P.T.O.*, 653 F.3d 1329, 1343-48 (Fed. Cir. 2011) (internal citations omitted). Accordingly, there is no justiciable case or controversy between Quest and Palo Alto.

In an effort to manufacture subject matter jurisdiction, the Amended Complaint alleges, without evidentiary support, that Quest and Taasera are alter egos of one another. (Dkt. 21, ¶¶ 4, 9). Through these baseless allegations, Palo Alto attempts to impute Taasera's ownership of the subject patents to Quest. But Taasera and Quest are separate corporate entities, with different business purposes and offices, and neither dominates the other to such a degree that disregarding the corporate form is required. Additionally, the Amended Complaint is devoid of any evidence, let alone allegations, that establishes a wrongful or unjust act that arose from any alleged domination of Taasera by Quest (or vice versa). This is required in order to establish that parties are alter egos of each other. *See Thrift Drug, Inc. v. Universal Prescription Adm'rs*, 131 F.3d 95, 97 (2d Cir. 1997) (internal quotation marks omitted) (the existence of alter egos requires evidence showing (1) "that the owner exercised complete domination over the corporation with respect to the transaction at issue" *and* (2) "that such domination was used to commit a fraud or wrong that injured the party seeking to pierce the veil."). Because Quest and Taasera are not alter egos, subject matter jurisdiction over Quest does not exist.

Finally, the Amended Complaint fails to state a claim for non-infringement because it does not contain any factual allegations regarding how or why Palo Alto's products do not infringe the asserted patents. Instead, the Amended Complaint merely repeats a single element from one claim of each patent and states that the Accused Products do not perform that limitation. Dkt. 21 at ¶¶ 23, 27, 31, 35, 39, 43, 47, 51, and 55. That is not enough to state a claim. *See e.g.*, *E&E Co. v. London Luxury LLC*, 1:20-cv-09610, 2021 WL 5357474 at *3 (S.D.N.Y. Nov 17, 2021) (declaratory judgement counterclaim of non-infringement dismissed as counterclaimant "fail[ed] to plead factual allegations regarding non-infringement, and its conclusory allegations plainly are not sufficient to state a plausible claim for non-infringement."). For this additional reason, the Amended Counterclaim should be dismissed.

In view of the foregoing, Quest respectfully requests that Your Honor schedule a pre-motion conference regarding Quest's anticipated motion to dismiss the Amended Complaint.

Respectfully submitted,

Mark J. Rosenberg

cc: Counsel of Record (by ECF)