

NORTH AMERICA   SOUTH AMERICA   EUROPE   ASIA

200 Park Avenue
New York, NY 10166
T +1 (212) 294-6700
F +1 (212) 294-4700

**KRISHNAN PADMANABHAN**
Partner
212-294-3564
KPadmanabhan@winston.com

June 6, 2022

<u>Via ECF</u>

Hon. Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

**Re:**   *Palo Alto Networks, Inc. v. Taasera Licensing LLC and Quest Patent Research Corporation*,
No. 1:22-cv-02306-ER

Dear Judge Ramos:

    This firm represents plaintiff Palo Alto Networks, Inc. ("PAN") in the above captioned action. Pursuant to Section 2(A)(ii) of Your Honor's Individual Practices, we write to oppose defendants Taasera Licensing LLC's ("Taasera") and Quest Patent Research Corporation's ("Quest"; collectively "Defendants") requests for a pre-motion conference filed as Dkt. Nos. 39 and 41 respectively. Taasera seeks a conference regarding filing a motion to dismiss PAN's Amended Complaint (Dkt. No. 21) on the alleged grounds of lack of personal jurisdiction and failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Quest seeks a conference regarding filing a similar motion to dismiss on the alleged grounds of lack of subject matter jurisdiction and for failure to state a claim under Rule 12(b)(6). Both requests argue the merits of allegations pled in PAN's Amended Complaint and to the extent that the Court finds that the arguments raise jurisdictional questions, PAN requests that the Court order the parties to meet and confer and present an appropriate jurisdictional discovery plan to be completed in advance of scheduling the requested conferences. Further, pursuant to the Court's individual practices at Section 2(A)(ii), PAN provides herein below its position on the issues raised in Defendants' letters.

    **The Court Should Order Jurisdictional Discovery**

    To the extent the Court allows submission of briefing on the raised jurisdictional grounds, the Court should permit PAN to engage in jurisdictional discovery prior to filing its opposition. *See, e.g.*, *Blockchain Mining Supply & Servs. Ltd. v. Super Crypto Mining, Inc.*, No. 18-cv-11099, 2020 WL 7128968, at *1 (S.D.N.Y. Dec. 4, 2020) (approving certain alter ego related discovery and stating jurisdictional discovery "may be authorized where plaintiff has made 'a threshold showing that there is some basis for the assertion of jurisdiction'"). Based on Taasera's and Quest's prematurely filed motions (Dkts. 25 and 32), which were filed prior to seeking a conference, Taasera and Quest appear to be relying on papers outside the pleadings, including employee declarations (Dkts. 29 and 36). As explained herein below, PAN has identified significant evidence supporting that Taasera and Quest are alter egos of one another, and to the



extent that Taasera and Quest are permitted to file a motion to dismiss, PAN should be permitted to engage in full discovery to examine Taasera's and Quest's evidence before responding to any motion to dismiss.

**Personal Jurisdiction is Proper for Taasera**

The Court has proper personal jurisdiction with respect to Taasera. Taasera alleges that is "is a Texas entity … has no contacts with New York aside from being a wholly-owned subsidiary of" Quest and the "Court lacks both general and specific personal jurisdiction over Taasera." Dkt. No. 39 at 1. Not so. Taasera and New York-based Quest are alter egos. The Amended Complaint pleads several allegations evidencing the alter-ego relationship. Dkt. No. 21, ¶ 9. For example, Quest has undercapitalized Taasera in order to avoid payment of any adverse judgment or monetary sanctions. *Id.*, ¶ 9 & Ex. L at 94. *See, e.g.*, *National Gear & Piston, Inc. v. Cummins Power Sys., LLC*, 975 F. Supp. 2d. 392, 403 (S.D.N.Y. 2013) ("in evaluating whether the parent and subsidiary are a single economic entity" under Delaware law, courts look at "whether the corporation was adequately capitalized for the corporate undertaking"); *Ledford v. Keen*, 9 F. 4th 335, 340 (5th Cir. 2021) (under Texas law, "inadequate capitalization" is one factor in alter ego analysis).

Personal jurisdiction is also proper based on Taasera's extensive contacts with New York. In *Trimble Inc. v. PerDiemCo LLC*, 997 F.3d 1147, 1157 (Fed. Cir. 2021), the Court found personal jurisdiction based on defendants' broad contacts with the forum. *Id.* at 1157. The Court further noted that "'exploi[ting] a market' in the forum State or entering a contractual relationship centered there'" supports a finding of personal jurisdiction. *Id.* (quoting *Ford Motor Co. v. Mont.,* ––– U.S. –––, 1025 (2021)). So too here personal jurisdiction is proper. Taasera negotiated agreements with Daedalus Blue LLC in this District to acquire the patents-in-suit – agreements that created an ongoing relationship regarding the enforcement and monetization of the patents-in-suit. Dkt. No. 21, ¶ 7 & Ex. L. Taasera also negotiated agreements with the Quest and the Fabricant LLP law firm in this District regarding enforcement of the patents-in-suit. *Id.*, ¶ 8. Each of these actions are connections evidence an "affiliation between the forum and the underlying controversy" and thus create proper personal jurisdiction. *Bristol-Myers Squibb Co. v. Superior Ct. of Cal., S.F. Cty.*, 137 S. Ct. 1773, 1781 (2017).

Taasera's arguments to the contrary are groundless. Taasera argues that PAN "has failed to allege that QPRC exercises domination over Taasera, and that such domination was used to commit a fraud or wrong that injured the party." Dkt. No. 39 at 2. Not so. PAN properly pled the required elements. *See* Dkt. No. 21, ¶ 9 (Quest is responsible for Taasera's litigation campaign against PAN; Quest undercapitalized Taasera; Quest and Taasera fail to follow separate corporate formalities). And, at the pleading stage, the facts pled by Plaintiff PAN must be treated as true. *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003) (explaining that courts must "credit a plaintiff's averments of jurisdictional facts as true." (citation omitted)).

**Subject Matter Jurisdiction is Proper for Quest**

The Court has proper subject matter jurisdiction with respect to Quest. Quest alleges that "Quest has no legal interest in the [patents-in-suit] and therefore . . . there is no actual controversy between the parties that would support jurisdiction under the Declaratory Judgment Act." Dkt. No. 41 at 1 (internal quotations omitted). Not so. As explained herein above, the Amended Complaint identified that Quest



and Taasera are alter-egos egos and Quest is responsible for Taasera's licensing campaign against PAN.

Quest's arguments to the contrary are groundless. Quest incorrectly argues that the "Amended Complaint is devoid of any evidence, let alone allegations, that establishes a wrongful or unjust act that arose from any alleged domination of Taasera by Quest (or vice versa)." Dkt. No. 41 at 2. As explained above herein however, PAN properly pled the required elements. *See* Dkt. No. 21, ¶ 9.

**Defendants' Allegations of Failure to State a Claim Pursuant to Rule 12(b)(6) are Groundless**

Defendants' allegations that PAN's pleading of non-infringement fails to satisfy Rule 12(b)(6) are without merit. For each patent, PAN identified at least one specific limitation that was not satisfied and included a factual allegation that certain feature(s) are not present in the accused products, such as "Palo Alto Networks' accused products do not infringe at least because they do not identify a portion of information associated with a regularly identifiable expression and then extract that portion of information, as properly construed and recited in the claim." Dkt. No. 21, ¶ 24; *see also id.*, ¶¶ 28, 32, 36, 40, 44, 48, 52, 54. This is sufficient under the law. *See, e.g.*, *Lopez v. Fluidra USA LLC*, No. 21cv0044 DMS (MDD), 2021 WL 2939812, at *2 (S.D. Cal. July 13, 2021) ("Defendants clearly explained why their accused products do not infringe. On the '041 Patent, Defendants allege they do not infringe because the accused products do not meet the claim limitations of a "cartridge", "wedges formed between each of the apertures", and "a plurality of spaced-apart apertures." … Clearly, Plaintiff disputes Defendants' allegations, but that dispute does not mean the counterclaims should be dismissed."); *see also Evolve Techs., LLC v. Coil Winding Specialist, Inc.*, No. 3:18-CV-00671BEN-BGS, 2019 WL 1383272, at *3 (S.D. Cal. Mar. 27, 2019) (finding allegations sufficient because they identified the claim limitations allegedly not infringed); *Ironworks Pats. LLC v. Samsung Elecs. Co.*, No. 17-CV-01958-HSG, 2018 WL 1400440, at *2 (N.D. Cal. Mar. 20, 2018) (finding "general denials of infringement sufficient to sustain declaratory judgment claims for patent non-infringement at the pleading stage").

Defendants sole case citation is inapposite. There, the proposed counterclaim *did not identify any limitations* as allegedly not infringed, but instead solely stated the ultimate conclusion of non-infringement as follows: "London Luxury does not infringe the '376 patent because the accused products do not practice each claim of the '376 patent." *E&E Co. v. London Luxury LLC*, No. 1:20-cv-09610, 2021 WL 5357474, at *3 (S.D.N.Y. Nov. 17, 2021). PAN's pleading goes far beyond that in *E&E*, and thus PAN's pleading is sufficient under Rule 12(b)(6).

Very truly yours,

*/s/ Krishnan Padmanabhan*
Krishnan Padmanabhan

Cc: Counsel of Record (by ECF)