**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PALO ALTO NETWORKS, INC.,<br><br>                            Plaintiff,<br><br>   v.<br><br>TAASERA LICENSING LLC and QUEST PATENT<br>RESEARCH CORPORATION,<br><br>                         Defendants. | Case No. 1:22-cv-02306-ER |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT QUEST PATENT RESEARCH CORPORATION'S**
**MOTION TO DISMISS FOR LACK OF SUBJECT MATTER**
**JURISDICTION, OR IN THE ALTERNATIVE,**
**TO DISMISS FOR FAILURE TO STATE A CLAIM**

# **TABLE OF CONTENTS**

**Page(s)**

I.  INTRODUCTION ................................................................................................. 1

II.  BACKGROUND ................................................................................................. 2

    A.  The Parties ............................................................................................... 2

    B.  Eastern District of Texas Action .............................................................. 3

    C.  The Instant Declaratory Judgment Action ............................................... 3

III.  LEGAL STANDARD ......................................................................................... 4

    A.  Motion To Dismiss Standard ................................................................... 4

    B.  Declaratory Judgment Jurisdiction ......................................................... 5

IV.  ARGUMENT ...................................................................................................... 6

    A.  The Complaint Should Be Dismissed Because Palo Alto
         Cannot Establish Subject Matter Jurisdiction ......................................... 6

        1.  There Is No Case or Controversy Because Quest
            Has No Legal Rights to the Patents-In-Suit ................................ 6

        2.  There Is No Case or Controversy Because Quest
            Has Not Taken Any Affirmative Steps to Enforce
            Patent Rights Against Palo Alto .................................................. 7

    B.  Quest And Taasera Are Not Alter Egos .................................................... 8

        1.  Quest And Taasera Are Not Alter-Egos ...................................... 8

            a.  Palo Alto Offers No Evidence That Either Defendant
                Dominated the Other Such That It Had No Separate
                Identity ............................................................................ 9

            b.  Palo Alto Has Failed to Show a Wrongful or Unjust Act
                Arising from the Alleged Domination ......................... 12

    C.  The Complaint Should Be Dismissed for Failure to State
         a Claim Under Rule 12(b)(6) ................................................................. 13

V.  CONCLUSION .................................................................................................. 15

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Am. Fuel Corp. v. Utah Energy Dev. Co.*,
122 F. 3d 130 (2d Cir. 1997) ................................................................................8

*Arar v. Ashcroft*,
532 F.3d 157 (2d Cir. 2008) (vacated on other grounds) ......................................4

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ............................................................................2, 4, 13, 14

*Ass'n for Molecular Pathology v. U.S.P.T.O.*,
653 F.3d 1329 (Fed. Cir. 2011) ...........................................................................7

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ............................................................................2, 4, 13, 14

*Benitec Australia, Ltd v. Nucleonics, Inc.*,
495 F.3d 1340 (Fed. Cir. 2007) ...........................................................................5

*BMC Software Belgium, N.V. v. Marchand*,
83 S.W.3d 789 (Tex. 2002) ..................................................................................9

*Bravado Int'l Grp. Merch. Servs., Inc. v. Ninna, Inc.*,
655 F. Supp. 2d 177 (E.D.N.Y. 2009) ..................................................................8

*Cohen v. Schroeder*,
248 F. Supp. 3d 511 (S.D.N.Y. 2017), aff'd, 724 F. App'x 45 (2d Cir. 2018) ....................9, 10

*Comcast Cable Commc'ns, LLC v. OpenTV, Inc.*,
319 F.R.D. 269 (N.D. Cal. 2017) .......................................................................14

*E&E Co. v. London Luxury LLC*,
1:20-cv-09610, 2021 WL 5357474 (S.D.N.Y. Nov 17, 2021) .........................13, 14

*Fina Rsch., S.A. v. Baroid Ltd.*,
141 F.3d 1479 (Fed. Cir. 2008) ...........................................................................6

*Gregory v. Daly*,
243 F.3d 687 (2d Cir. 2001), *as amended* (Apr. 20, 2001) ..................................13

*Handal & Morofsky, LLC v. Viatek Consumer Prod. Grp., Inc.*,
No. 18 CIV. 1887 (ER), 2018 WL 5886122 (S.D.N.Y. Nov. 8, 2018) ............................11, 12

*Hewlett Packard Co. v. Acceleron LLC*,
    587 F.3d 1358 (Fed. Cir. 2009)................................................................5, 6

*ICOS Vision Sys. Corp., N.V. v. Scanner Techs. Corp.*,
    699 F. Supp. 2d 664 (S.D.N.Y. 2010).........................................................4

*In re Indus. Print Techs., LLC Pat. Litig.*,
    No. 3:15-md-2614-M, 2015 WL 5918964 (N.D. Tex. 2015)...........................10, 11

*Innovative Therapies, Inc. v. Kinetic Concepts, Inc.*,
    599 F.3d 1377 (Fed. Cir. 2010)................................................................7

*Makarova v. United States*,
    201 F.3d 110 (2d Cir. 2000)....................................................................5

*MedImmune Inc. v. Genentech, Inc.*,
    549 U.S. 118 (2009).............................................................................5

*Morrison v. Nat'l Australia Bank Ltd.*,
    547 F.3d 167 (2d Cir. 2008)....................................................................4

*Music Mix Mobile LLC v. Newman*,
    592 B.R. 292 (Bankr. S.D.N.Y. 2018)........................................................9, 12

*Natural Res. Def. Council v. Johnson*,
    461 F.3d 164 (2d Cir. 2006)....................................................................4

*NetJets Aviation, Inc. v. LHC Commc'ns, LLC*,
    537 F.3d 168 (2d Cir. 2008)....................................................................9

*PetEdge, Inc. v. Marketfleet Sourcing, Inc.*,
    No. 16-12562-FDS, 2017 WL 2983086 (D. Mass. July 12, 2017).......................14

*Pilot Inc. v. NOCO Co.*,
    No. CV-20-01452-PHX-SRB, 2021 WL 2188525 (D. Ariz. 2021) .......................14

*Prasco, LLC v. Medicis Pharm. Corp.*,
    537 F.3d 1329 (Fed. Cir. 2008)................................................................5

*SanDisk Corp. v. STMicroelectronics, Inc.*,
    480 F.3d 1372 (Fed. Cir. 2007)................................................................5, 7

*Spine Sols., Inc. v. Medtronic Sofamor Danek USA, Inc.*,
    620 F.3d 1305 (Fed. Cir. 2010)................................................................6

*Taasera Licensing LLC v. Palo Alto Networks, Inc.*,
    No. 2:22-cv-00062-JRG-RSP (E.D. Tex. Feb. 25, 2022) ................................3

*Tannerite Sports, LLC v. Jerent Enters., LLC*,
  No. 6:15-cv-00180-AA, 2016 WL 1737740 (D. Or. May 2, 2016)..........................................14

*Thrift Drug, Inc. v. Universal Prescription Adm'rs*,
  131 F.3d 95 (2d Cir. 1997)...................................................................................................8

*Webasto Thermo & Comfort N. Am., Inc. v. Bestop, Inc.*,
  No. 16-cv-13456, 2017 WL 4535290 (E.D. Mich. Oct. 11, 2017)..........................................14

*WiAV Sols. LLC v. Motorola, Inc.*,
  631 F.3d 1257 (Fed. Cir. 2010)............................................................................................6

**Statutes**

35 U.S.C. §§ 100, 281...............................................................................................................6

**Other Authorities**

Fed. R. Civ. P. 12(b)(1)............................................................................................................4

Fed. R. Civ. P. 12(b)(6)....................................................................................................1, 4, 13

## I.      INTRODUCTION

This declaratory judgment action against defendant Quest Patent Research Corporation ("Quest") should be dismissed for lack of subject matter jurisdiction because there is no case or controversy between Quest and plaintiff Palo Alto Networks, Inc. ("Palo Alto"). ████████ ███████████████████████████████████████████████████████████████████████ ██████████████████████ Instead, it appears that Palo Alto included Quest as a defendant in an effort to manufacture personal jurisdiction in this Court over the patent owner, Taasera Licensing LLC ("Taasera").

As more fully set forth below, in actions seeking a declaration of non-infringement of a patent, the plaintiff can only sue a party that can affirmatively sue for patent infringement, namely, the patent owner or its exclusive licensee. The First Amended Complaint in this action does not allege any facts (nor can it) that Quest is the owner or exclusive licensee of the patents-in-suit. ██████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████, subject matter jurisdiction does not exist with respect to Quest. Accordingly, this action should be dismissed against Quest.

This action should also be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim because Palo Alto has wholly failed to provide a factual basis for its claims of non-infringement. Palo Alto's Complaint includes no allegations of fact, and merely repeats for each claim that it "is not infringing and has not infringed." Such allegations fail to meet the

standards for sufficiently pleading a claim set forth in *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

## II.    BACKGROUND

### A.    The Parties

Taasera owns all right, title, and interest in and to U.S. Patent Nos. 6,842,796 (the "'796 Patent"), 7,673,137 (the "'137 Patent"), 8,127,356 (the "'356 Patent"), 8,327,441 (the "'441 Patent"), 8,850,517 (the "'517 Patent"), 8,955,038 (the "'038 Patent"), 8,990,948 (the "'948 Patent"), 9,092,616 (the "'616 Patent"), and 9,923,918 (the "'918 Patent") (collectively, the "Patents-in-Suit"). (Ex. 1, ¶ 17). The Patents-in-Suit generally cover systems and methods for network security systems. Five of the Patents-in-Suit were invented by International Business Machines ("IBM"), and the remaining four Patents-in-Suit were invented by Taasera, Inc. (*Id.*, ¶¶ 19, 20).



According to the First Amended Complaint, Palo Alto is a corporation organized under the laws of Delaware, with its principal place of business at 3000 Tannery Way, Santa Clara, California 95054. (Dkt. 21, ¶ 2).

**B.     Eastern District of Texas Action**

On February 25, 2022, Taasera filed a complaint against Palo Alto in the Eastern District

of Texas (the "E.D. Tex. Action") alleging infringement of the Patents-in-Suit. (*See* Ex. 1).  Quest

was not a plaintiff in the E.D. Texas Action and was not even mentioned in the complaint in that

action. (*Id*).

Palo Alto was served on March 16, 2022. (Ex. 2).  On March 18, 2022, Taasera filed a

notice of voluntary dismissal of the E.D. Texas action, and the case was subsequently dismissed

on March 22, 2022. Exs. 3 and 4.

**C.     The Instant Declaratory Judgment Action**

On March 22, 2022, after the E.D. Texas Action was dismissed, Palo Alto filed a complaint

for declaratory judgment against Quest in this Court. (Dkt. 1). Palo Alto filed its First Amended

Complaint (the "Complaint"), on May 14, 2022. (Dkt. 21). The Complaint asserts claims for

declaratory judgment of non-infringement as to the Patents-in-Suit. (Dkt. 21, ¶ 1). In the

Complaint, Palo Alto offers two paragraphs addressing the "DISPUTE BETWEEN PALO ALTO

NETWORKS AND *TAASERA LICENSING* CONCERNING THE PATENTS-IN-SUIT" (Dkt. 21,

¶ 20, Heading (emphasis added)):

> 20. On February 25, 2022, **Taasera Licensing**, by and through its
> attorneys, filed a lawsuit against Palo Alto Networks in the United
> States District Court for the Eastern District of Texas. *See*
> Complaint, *Taasera Licensing LLC v. Palo Alto Networks, Inc*., No.
> 2:22-cv-00062-JRG-RSP (E.D. Tex. Feb. 25, 2022). **Taasera
> Licensing's Complaint** alleges that Palo Alto Networks infringes
> the Patents-in-Suit and provides "examples" of allegedly infringing
> Palo Alto Networks products: Palo Alto Cortex XDR, PAN-OS, and
> Next Generation Firewalls (NGFW). (collectively, the "Accused
> Products"). *See, e.g., id*. ¶ 30. On March 18, 2022, after having
> served Palo Alto Networks with that Complaint, **Taasera Licensing**
> unilaterally and voluntarily dismissed that action—but did so
> without prejudice.

> 21. Accordingly, an actual and justiciable controversy exists
> between Palo Alto Networks and Defendants concerning whether
> Palo Alto Networks infringes one or more claims of any of the
> Patents-in-Suit. Palo Alto Networks now seeks a declaratory
> judgment that Palo Alto Networks does not infringe the claims of
> the Patents-in-Suit.

(*Id.*, ¶¶ 20, 21 (emphasis added)).  Quest is not mentioned once in Palo Alto's allegations that an

actual and justiciable controversy exists, which is based entirely on a prior lawsuit between Taasera

and Palo Alto. (*Id.*).

## III.   LEGAL STANDARD

### A.   Motion To Dismiss Standard

Under Federal Rule of Civil Procedure 12(b)(1), the Court may dismiss a complaint for

lack of subject matter jurisdiction "when the district court lacks the statutory or constitutional

power to adjudicate it." *Arar v. Ashcroft*, 532 F.3d 157, 168 (2d Cir. 2008) (vacated on other

grounds) (internal citations and quotation marks omitted). "The Court's first inquiry must be

whether it has the constitutional or statutory authority to adjudicate a case. If there is no subject

matter jurisdiction, the Court lacks power to consider the action further." *ICOS Vision Sys. Corp.,*

*N.V. v. Scanner Techs. Corp.*, 699 F. Supp. 2d 664, 668 (S.D.N.Y. 2010) (citation omitted).

In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), "the

court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor

of plaintiff." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (quoting

*Natural Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006)). However, "the tenet that

a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

conclusions." *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555 (stating that while a

complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations,

courts "are not bound to accept as true a legal conclusion couched as a factual allegation.")

(citations and quotations omitted). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

**B.     Declaratory Judgment Jurisdiction**

The Declaratory Judgment Act is not an independent basis for subject matter jurisdiction. *See Prasco, LLC v. Medicis Pharm. Corp*., 537 F.3d 1329, 1335 (Fed. Cir. 2008). Instead, it provides a remedy if the court already has jurisdiction. *Id.* A federal court's jurisdiction under the Declaratory Judgment Act is limited by Article III which restricts the judicial power to actual "cases" or "controversies." U.S. CONST. Art. III; *Id.* The party seeking the declaratory judgment bears the burden of proving facts supporting the court's jurisdiction at the time the complaint was filed and throughout the case. *Benitec Australia, Ltd v. Nucleonics, Inc*., 495 F.3d 1340, 1344 (Fed. Cir. 2007). Federal courts have jurisdiction only if the "facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Medlmmune Inc. v. Genentech, Inc*., 549 U.S. 118, 127 (2009).

"In the context of conduct prior to the existence of a license, declaratory judgment jurisdiction generally will not arise merely on the basis that a party learns of the existence of a patent owned by another or even perceives such a patent to pose a risk of infringement, without some affirmative act by the patentee." *SanDisk Corp. v. STMicroelectronics, Inc*., 480 F.3d 1372, 1380-81 (Fed. Cir. 2007) (emphasis added). The case or controversy requirement can be satisfied by "conduct that can be reasonably inferred as demonstrating intent to enforce a patent . . . ." *Hewlett Packard Co. v. Acceleron LLC*, 587 F.3d 1358, 1363 (Fed. Cir. 2009). The court must decide whether the facts as pled would establish sufficient affirmative conduct by the patent holder asserting a specific patent against identified ongoing or planned activity of the declaratory

judgment plaintiff. *SanDisk Corp.*, 480 F.3d at 1381. The question of whether conduct may be reasonably inferred as demonstrating such an intent is objective; the declaratory judgment plaintiff's subjective belief is "irrelevant." *Hewlett Packard Co.*, 587 F.3d at 1363.

## IV.   ARGUMENT

### A.   The Complaint Should Be Dismissed Because Palo Alto Cannot Establish Subject Matter Jurisdiction

#### 1.   There Is No Case or Controversy Because Quest Has No Legal Rights to the Patents-In-Suit

The Complaint should be dismissed because there is no case or controversy between Quest and Palo Alto concerning infringement of the Patents-in-Suit. A proper defendant in a declaratory relief action for non-infringement is a party who has standing to sue as a plaintiff in an infringement action. *Fina Rsch., S.A. v. Baroid Ltd.*, 141 F.3d 1479, 1481 (Fed. Cir. 2008). Standing in an action for patent infringement rests with the patent owner or the exclusive licensee. 35 U.S.C. §§ 100, 281; *WiAV Sols. LLC v. Motorola, Inc.*, 631 F.3d 1257, 1264 (Fed. Cir. 2010); *Spine Sols., Inc. v. Medtronic Sofamor Danek USA, Inc.*, 620 F.3d 1305, 1317-18 (Fed. Cir. 2010). The Complaint does not (and cannot) allege that Quest owns or is the exclusive licensee for the Patents-in-Suit, and therefore, there can be no case or controversy.

Here, ███████████████████████████████████████████████████████ ███████████████ The Complaint does not allege otherwise. Nor does the Complaint allege that Quest has a legal interest in the Patents-in-Suit (such as being Taasera's exclusive licensee) providing it with standing to sue Palo Alto affirmatively for infringement. "[B]ecause [Quest has] no legal interest in the [Patents-in-Suit] and therefore could not bring suit for patent infringement, there [i]s no actual controversy between [the parties] that would support jurisdiction under the Declaratory Judgment Act." *Fina Research*, 141 F.3d at 1480-81.

### 2. There Is No Case or Controversy Because Quest Has Not Taken Any Affirmative Steps to Enforce Patent Rights Against Palo Alto

There is no case or controversy because Quest has never taken an affirmative act to enforce any right related to the Patents-in-Suit. "[T]o establish an injury in fact traceable to the patentee, a declaratory judgment plaintiff must allege both (1) an affirmative act by the patentee related to the enforcement of his patent rights, and (2) meaningful preparation to conduct potentially infringing activity." *Ass'n for Molecular Pathology v. U.S.P.T.O.*, 653 F.3d 1329, 1343-48 (Fed. Cir. 2011) (internal citations omitted); *see also SanDisk Corp.*, 480 F.3d at 1380-81 (discussing affirmative act requirement). When a complaint for declaratory judgment does not allege an affirmative act by the patent holder, the complaint should be dismissed. *Innovative Therapies, Inc. v. Kinetic Concepts, Inc.*, 599 F.3d 1377, 1382 (Fed. Cir. 2010).

Here, the Complaint does not allege that Quest took any affirmative acts in an attempt to enforce the Patents-in-Suit against Palo Alto so as to warrant declaratory relief. (*See* Dkt. 21, ¶¶ 20, 21). The Complaint does not even allege that Quest has ever taken or threatened *any* legal action against Palo Alto whatsoever. Instead, the Complaint alleges that a controversy exists because Taasera, not Quest, filed a patent infringement action in Texas. (*Id.*). Palo Alto relies wholly on Taasera's Complaint in the E.D. Tex. Action to support its allegation that this Court has subject matter jurisdiction over this action against Quest. But Quest was never a party to that litigation, and the lack of any affirmative conduct by Quest precludes a declaratory judgment claim for non-infringement against Quest.

Palo Alto alleges in the personal jurisdiction section of the Complaint that Taasera (alone or together with Quest) negotiated and/or entered into one or more patent acquisition agreements for one or more of the Patents-in-Suit in this judicial district, that Taasera (alone or together with Quest) entered into legal representation agreements relating to enforcement of the Patents-in-Suit

with the law firm of Fabricant LLP in this judicial district, and that Taasera entered into one or more agreements in this judicial district with Quest, in relation to enforcement of the Patents-in-Suit. (Dkt. 21, ¶¶ 6-9). These three allegations made "upon information and belief" lack factual support and, even if taken as true, wholly fail to establish that *Quest* took affirmative action to legally enforce the Patents-in-Suit. The private agreements purportedly executed between Taasera, and its parent company, business partner, and legal counsel are wholly unrelated to Palo Alto and Palo Alto's infringement. Therefore, the agreements cannot establish the affirmative act requirement is met.

Palo Alto's allegations plainly do not establish that an actual case or controversy exists between Palo Alto and Quest. Accordingly, this Court does not have subject matter jurisdiction over this case, and it should be dismissed as against Quest.

### B.      Quest And Taasera Are Not Alter Egos

In the Complaint, Palo Alto alleges, on information and belief, that Taasera and Quest are alter egos. (Dkt. 21, ¶¶ 4, 9). Palo Alto fails to allege that any of Taasera's activities should be imputed to Quest. Even if it did, neither Defendant was dominated by the other and there is no alleged fraud resulting from any domination.

#### 1.      Quest And Taasera Are Not Alter-Egos

To establish that parties are alter egos of each other requires evidence showing (1) "that the owner exercised complete domination over the corporation with respect to the transaction at issue" *and* (2) "that such domination was used to commit a fraud or wrong that injured the party seeking to pierce the veil." *Thrift Drug, Inc. v. Universal Prescription Adm'rs*, 131 F.3d 95, 97 (2d Cir. 1997) (internal quotation marks omitted); *Am. Fuel Corp. v. Utah Energy Dev. Co*., 122 F. 3d 130, 134 (2d Cir. 1997). "A party seeking application of the alter ego doctrine must come forward with factual allegations as to both elements." *Bravado Int'l Grp. Merch. Servs., Inc. v.*

*Ninna, Inc.*, 655 F. Supp. 2d 177, 197 (E.D.N.Y. 2009) (citations, internal quotation marks, and brackets omitted). Texas (where Taasera was formed) and Delaware (where Quest was formed) use similar tests. In Texas, alter ego may be found only if there is evidence "that the two entities cease to be separate so that the corporate fiction should be disregarded to prevent fraud or injustice." *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 798-99 (Tex. 2002). In Delaware, "plaintiff must show both that (1) the owner and his corporation 'operated as a single economic entity,' and that (2) the owner's actions contained 'an overall element of injustice or unfairness.'" *Cohen v. Schroeder*, 248 F. Supp. 3d 511, 518 (S.D.N.Y. 2017), aff'd, 724 F. App'x 45 (2d Cir. 2018) quoting *NetJets Aviation, Inc. v. LHC Commc'ns, LLC*, 537 F.3d 168, 174 (2d Cir. 2008) (alteration in original) (citation omitted). Taasera and Quest are not alter egos of one another under any of these tests.

The factual allegations in the Complaint do not establish that either prong of the alter ego test is satisfied.

> **a.** **Palo Alto Offers No Evidence That Either Defendant Dominated the Other Such That It Had No Separate Identity**

Quest and Taasera are separate and distinct entities. "[T]he separate existence and status of a corporation is not lightly disregarded." *Music Mix Mobile LLC v. Newman,* 592 B.R. 292, 302 (Bankr. S.D.N.Y. 2018). ████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

Accordingly, neither Quest nor Taasera exercise complete domination over the other.

The only factual allegation in the Complaint which could potentially relate to a claim of alter ego concerns purported inadequate capitalization. (Dkt. 21, ¶ 9). The evidence Palo Alto sets forth in support of its allegation that Quest is undercapitalized "in order to avoid payment of any adverse judgment or monetary sanctions against Quest or Taasera Licensing" is the following statement from Quest's Annual Report:

> Since the operating subsidiaries do not have any assets other than the patents, and the Company does not have any available financial resources to pay any judgment which a defendant may obtain against a subsidiary, such a judgement [sic] may result in the bankruptcy of the subsidiary and/or the loss of the patents, which are the subsidiaries' only assets.

(Dkt. 21-12, at F-29). This fails to establish that Quest is undercapitalized. As the Second Circuit has held, even if a corporation is underfunded and cannot meet obligations for litigation expenses of another, "no reasonable jury would find that [defendant's] actions caused [plaintiff] to suffer an 'injustice or unfairness.'" *Cohen*, 724 F. App'x at 49. Even assuming *arguendo* that Taasera or Quest were undercapitalized, it would not cause Palo Alto to suffer an injustice.

The facts here are similar to *In re Indus. Print Techs., LLC Pat. Litig.*, No. 3:15-md-2614-M, 2015 WL 5918964, (N.D. Tex. 2015). There, the court rejected the contention that the wholly-owned subsidiary was undercapitalized and that the parent should be joined as an alter ego corporation to provide a source of recovery for attorney's fees and costs. *Id*. at *3. There, defendants "pled counterclaims only for declaratory judgments of non-infringement and invalidity of the asserted patents." *Id*. The court found that "[t]o the extent Defendants contend that 'complete relief' includes recovery of fees and costs incurred in this litigation, they have not shown that—if they were to prevail—[defendant] is so undercapitalized that it would be unable to satisfy any award of fees or costs." *Id*. The court further noted that defendant was sufficiently capitalized as its assets included rights to the asserted patents. *Id*. The court there held that, "At this point in the

litigation, Defendants' entitlement to such an award is ***entirely speculative***, and discovery into the subject would result in delay and increase costs without advancing a resolution on the merits." *Id.* (emphasis added). Similarly, here, any argument that Palo Alto will succeed on its claims for declaratory judgment and fees and costs is entirely speculative. Palo Alto has failed to show that Defendants are undercapitalized, as ████████████████████████████████████ ████████████████. The Court should reach the same conclusion here as the court in *In re Indus. Print Techs.* and reject Palo Alto's allegation that Quest and Taasera have inadequate capitalization.

The Complaint also cites Quest's 2021 Form 10K, stating that Quest received a capital advance of $250,000 to acquire the *some* of the Patents-in-Suit that were later assigned to Taasera. (Dkt. 21, ¶ 9). This shows only that a parent corporation is working to establish its subsidiary and "do[es] not remotely establish that [defendant] exercises *complete* domination." *Handal & Morofsky, LLC v. Viatek Consumer Prod. Grp., Inc.*, No. 18 CIV. 1887 (ER), 2018 WL 5886122, at *6 (S.D.N.Y. Nov. 8, 2018) (emphasis added). Notably, Palo Alto conveniently omitted from the Complaint the prior sentence from the Form 10K, regarding *the rest* of the Patents-in-Suit: "[o]n May 20, 2021, Taasera Licensing LLC, a wholly owned subsidiary, entered into an agreement with Taasera, Inc. to acquire all right, title, and interest in a portfolio of seven United States patents (the "Taasera Portfolio") for $250,000." (Dkt. 21-12, at F-16). ████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████ Palo Alto also refers to Quest's website where it lists its subsidiaries, their patent portfolios, and litigations. (Dkt. 21, ¶ 9). The fact that a parent company has knowledge of its subsidiaries and their assets and activities and publishes the same is evidence of nothing. Indeed, "reliance on [Quest's] website to show [Quest's] domination of [Taasera] is

completely unavailing." *Handal & Morofsky,* 2018 WL 5886122, at *7. ██████████

████████████████████████████████████████████████████████████████

> **b.      Palo Alto Has Failed to Show a Wrongful or Unjust Act**
> **Arising from the Alleged Domination**

Not only does the Complaint fail to sufficiently allege any domination over either Defendant, but the Complaint is devoid of any allegations that "such domination was used to commit a fraud or a wrong against [Palo Alto]." *Music Mix*, 592 B.R. at 302. Indeed, absent this declaratory judgment action, there would be no case at all between Palo Alto and Quest. The Complaint identifies no fraud or wrong committed against Palo Alto by either Taasera or Quest, and none exists. Palo Alto only seeks a declaratory judgment that it does not infringe the Patents-in-Suit and does not allege that it has been harmed in any way.

Palo Alto's claims for declaratory judgment of non-infringement do not involve any monetary issues. Therefore, to the extent Palo Alto argues that Quest or Taasera are "undercapitalized," it is irrelevant to the case here. The Complaint does refer to the statement from Quest's annual report which related to judgments against Defendants for violation of "statutory authority, regulatory authority, federal rules, local court rules, or governing standards relating to the substantive or procedural aspects of such enforcement actions." (Dkt. 21-12, at F-29). However, no judgments of this kind are at issue here, and any argument that Palo Alto may obtain legal fees stemming from its declaratory judgment action is wholly speculative and should be given no weight.

Accordingly, the Complaint fails to sufficiently allege that either prong of the alter ego test is met.

### C.    The Complaint Should Be Dismissed for Failure to State a Claim Under Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. In ruling on a motion to dismiss for failure to state a claim, the court must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Gregory v. Daly,* 243 F.3d 687, 691 (2d Cir. 2001), *as amended* (Apr. 20, 2001).

Here, the Complaint fails to include any allegations of fact in support of any claim for non-infringement. (*See* Dkt. 21, ¶¶ 22-48). Plaintiff merely repeats the following allegation for each claim: "Palo Alto Networks is not infringing and has not infringed, directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, any claim of the [Asserted Patents]." *Id.*, ¶¶ 23, 27, 31, 35, 39, 43, 47, 51, and 55. Palo Alto attempts to support its non-infringement claims by reciting a single claim limitation for each of the Patents-in-Suit and stating that the Accused Products allegedly do not perform that claim limitation. "[Palo Alto] fails to plead factual allegations regarding non-infringement, and its conclusory allegations plainly are not sufficient to state a plausible claim for non-infringement." *E&E Co. v. London Luxury LLC*, 1:20-cv-09610, 2021 WL 5357474 at *3 (S.D.N.Y. Nov 17, 2021).

The facts here are similar to *E&E Co.* There, the Court held that plaintiff's allegation was "conclusory and insufficient to state a claim" where the declaratory judgment counterclaim for non-infringement "allege[d] that 'London Luxury does not infringe the '376 patent because the accused products do not practice each claim of the '376 patent.'" *Id*. at *3. Similarly, here, the Complaint's allegations are conclusory and lack any factual underpinnings.

Similarly, other courts have consistently reached the same holding as *E&E Co.* on the same facts as here. *See Comcast Cable Commc'ns, LLC v. OpenTV, Inc.*, 319 F.R.D. 269, 273 (N.D. Cal. 2017) (dismissing non-infringement claim and noting "the amended complaint must go beyond only stating in conclusory terms that each accused product or service meets the elements of non-infringement and must also set forth factual allegations showing how each accused product or service specifically does not meet at least one claim limitation, such that it does not infringe the asserted patent"); *Tannerite Sports, LLC v. Jerent Enters., LLC*, No. 6:15-cv-00180-AA, 2016 WL 1737740, at *4 (D. Or. May 2, 2016) (dismissing non-infringement counterclaim when defendant only stated it had not infringed on the plaintiff's patent and failed to point to any specific facts in its incorporated "facts" section); *Pilot Inc. v. NOCO Co.* , No. CV-20-01452-PHX-SRB, 2021 WL 2188525, *4 (D. Ariz. 2021) (ruling that the accused infringer must plead facts showing that its arguments of non-infringement and invalidity are plausible, *i.e.*, the accused infringer is "required to plead its counterclaims in accordance with Rule 8, *Twombly*, and *Iqbal*" thus the "threadbare" allegations that defendant "has not infringed and does not infringe any valid and/or enforceable claim of the '653 Patent, either directly or indirectly, literally, under the doctrine of equivalents, or otherwise" failed to state a claim); *Webasto Thermo & Comfort N. Am., Inc. v. Bestop, Inc*., No. 16-cv-13456, 2017 WL 4535290, *3-*5 (E.D. Mich. Oct. 11, 2017) (dismissing, with leave to amend, accused infringer's boiler plate declaratory judgment counterclaims of non-infringement and invalidity with no facts pled as to why the accused product did not infringe); *PetEdge, Inc. v. Marketfleet Sourcing, Inc*., No. 16-12562-FDS, 2017 WL 2983086, *3 (D. Mass. July 12, 2017) (dismissing non-infringement declaratory judgment counterclaim since the accused infringer had failed to plead any specific facts for why its accused product did not infringe.)

The Complaint does not include a single allegation of fact supporting any of its nine claims of non-infringement. The Complaint should therefore be dismissed for failure to state a claim.

## V.      CONCLUSION

For the reasons described herein, the Court should dismiss the First Amended Complaint for Declaratory Judgment for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim.

Dated:  June 23, 2022                      Respectfully Submitted,


TARTER KRINSKY & DROGIN LLP

By: /s/*Mark J. Rosenberg*_____
     Mark J. Rosenberg

1350 Broadway, 11th Floor
New York, New York 10018
Tel. (212) 216-8000
Fax (212) 216-8001
mrosenberg@tarterkrinsky.com

***ATTORNEYS FOR DEFENDANT QUEST
PATENT RESEARCH CORPORATION***

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 23, 2022, the foregoing was filed electronically with the Clerk

of Court to be served by operation of the Court's electronic filing system to all counsel of record.


*/s/ Mark J. Rosenberg*
Mark J. Rosenberg