# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

PALO ALTO NETWORKS, INC.,

                Plaintiff,

   v.

TAASERA LICENSING LLC and QUEST
PATENT RESEARCH CORPORATION,

             Defendants.

Case No. 1:22-cv-02306-ER/SDA

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
TAASERA LICENSING LLC'S MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION, OR IN THE ALTERNATIVE,
<u>TO DISMISS FOR FAILURE TO STATE A CLAIM</u>**

## <u>TABLE OF CONTENTS</u>

**Page(s)**

I.      INTRODUCTION ........................................................................................................ 1

II.     BACKGROUND ........................................................................................................... 1

      A.     The Parties ........................................................................................................ 1

      B.     Eastern District of Texas Action .................................................................... 2

      C.     The Instant Declaratory Judgment Action ...................................................... 3

III.    ARGUMENT ................................................................................................................ 3

      A.     Personal Jurisdiction Over Taasera is Improper in this Judicial District ............... 3

              1.     This Court Lacks General Jurisdiction Over Taasera ................................ 4

              2.     This Court Lacks Specific Jurisdiction Over Taasera ............................... 6

              3.     The Exercise of Jurisdiction Over Taasera Would Offend Due Process ................................................................................................... 9

      B.     Quest's Contacts to New York Cannot be Imputed to Taasera ........................... 10

              1.     Taasera And Quest Are Not Alter-Egos .................................................. 11

                      a.     Palo Alto Offers No Evidence That Either Defendant Dominated the Other Such That It Had No Separate Identity .............................................................................. 11

                      b.     Palo Alto Has Failed to Show a Wrongful or Unjust Act Arising from the Alleged Domination ......................................... 15

      C.     Palo Alto's Complaint Should Be Dismissed for Failure to State a Claim Under Rule 12(b)(6) ............................................................................. 16

IV.    CONCLUSION ........................................................................................................... 18

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Am. Fuel Corp. v. Utah Energy Dev. Co.*,
   122 F. 3d 130 (2d Cir. 1997)..................................................................................11

*Arquest, Inc. v. Kimberly-Clark Worldwide, Inc.*,
   No. 07 Civ. 11202 (CM), 2008 WL 2971775 (S.D.N.Y. July 31, 2008),
   dismissed, 316 F. App'x 990 (Fed. Cir. 2008)..........................................................5

*Art Assure Ltd., LLC v. Artmentum GmbH*,
   No. 14 Civ. 3756 (LGS), 2014 WL 5757545 (S.D.N.Y. Nov. 4, 2014)...................7

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..................................................................................15, 16, 17

*Avocent Huntsville Corp. v. Aten Int'l Co.*,
   552 F.3d 1324 (Fed. Cir. 2008)..............................................................................9

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*,
   171 F.3d 779 (2d Cir. 1999)...................................................................................7

*Beacon Enters., Inc. v. Menzies*,
   715 F.2d 757 (2d Cir.1983).....................................................................................5

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)...........................................................................................15, 17

*Best Van Lines, Inc. v. Walker*,
   490 F.3d 239 (2d Cir. 2007)....................................................................................7

*BHC Interim Funding, LP v. Bracewell & Patterson, LLP*,
   No. 02 Civ. 4695 (LTS) (HBP), 2003 WL 21467544 (S.D.N.Y. June 25, 2003).....................6

*BMC Software Belgium, N.V. v. Marchand*,
   83 S.W.3d 789 (Tex. 2002)....................................................................................12

*Bravado Int'l Grp. Merch. Servs., Inc. v. Ninna, Inc.*,
   655 F.Supp.2d 177 (E.D.N.Y. 2009) .....................................................................11

*Breckenridge Pharm., Inc. v. Metabolite Lab'ies, Inc.*,
   444 F.3d 1356 (Fed. Cir. 2006)..............................................................................9

*Bristol-Myers Squibb Co. v. Superior Ct. of Cal., S.F. Cty.*,
   137 S. Ct. 1773 (2017).........................................................................................7, 8

*Casville Invs., Ltd. v. Kates*,
  No. 12 Civ. 6968 (RA), 2013 WL 3465816 (S.D.N.Y. July 8, 2013) ...................................... 7

*Cohen v. Schroeder*,
  248 F. Supp. 3d 511 (S.D.N.Y. 2017), aff'd, 724 F. App'x 45 (2d Cir. 2018) ...................... 12

*Cohen v. Schroeder*,
  724 F. App'x 45 (2d Cir. 2018) ............................................................................................. 13

*Comcast Cable Commc'ns, LLC v. OpenTV, Inc.*,
  319 F.R.D. 269 (N.D. Cal. 2017) ......................................................................................... 16

*E&E Co. v. London Luxury LLC*,
  1:20-cv-09610, 2021 WL 5357474 (S.D.N.Y. Nov. 17, 2021) .............................................. 16

*EED Holdings v. Palmer Johnson Acquisition Corp.*,
  228 F.R.D. 508 (S.D.N.Y. 2005) .......................................................................................... 11

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  564 U.S. 915 (2011) ............................................................................................................... 7

*Graphic Controls Corp. v. Utah Med. Prod., Inc.*,
  149 F.3d 1382 (Fed. Cir. 1998) .............................................................................................. 4

*Gregory v. Daly*,
  243 F.3d 687 (2d Cir. 2001), *as amended* (Apr. 20, 2001) ................................................. 15

*Handal & Morofsky, LLC v. Viatek Consumer Prod. Grp., Inc.*,
  No. 18 CIV. 1887 (ER), 2018 WL 5886122 (S.D.N.Y. Nov. 8, 2018) ................................. 14

*Helicopteros Nacionales de Colom., S.A. v. Hall*,
  466 U.S. 408 (1984) ............................................................................................................... 6

*Inamed Corp. v. Kuzmak*,
  249 F.3d 1356 (Fed. Cir. 2001) .............................................................................................. 9

*In re Indus. Print Techs., LLC Pat. Litig.*,
  No. 3:15-md-2614-M, 2015 WL 5918964 (N.D. Tex. 2015) ........................................... 13, 14

*Jazini v. Nissan Motor Co., Ltd.*,
  148 F.3d 181 (2d Cir. 1998) ................................................................................................... 7

*La Piel, Inc. v. Richina Leather Indus. Co.*,
  No. 10-CV-1050 (JFB)(ETB), 2013 WL 1315125 (E.D.N.Y. Mar. 29, 2013) ................... 4, 6

*Licci ex rel. Licci v. Lebanese Canadian Bank, SAL (Licci IV)*,
  732 F.3d 161 (2d Cir. 2013) ................................................................................................... 7

*MEE Direct, LLC v. Tran Source Logistics, Inc.*,
  No. 12 Civ. 6916(SAS), 2012 WL 6700067 (S.D.N.Y. Dec. 26, 2012)...................................4

*Metro. Life Ins. Co. v. Robertson-Ceco Corp.*,
  84 F.3d 560 (2d Cir. 1996)............................................................................................................3

*Music Mix Mobile LLC v. Newman*,
  592 B.R. 292 (Bankr. S.D.N.Y. 2018)..................................................................10, 11, 15

*NetJets Aviation, Inc. v. LHC Commc'ns, LLC*,
  537 F.3d 168 (2d Cir. 2008)........................................................................................................12

*New World Int'l, Inc. v. Ford Glob. Techs., LLC*,
  859 F.3d 1032 (Fed. Cir. 2017)....................................................................................................3

*PetEdge, Inc. v. Marketfleet Sourcing, Inc.*,
  No. 16-12562-FDS, 2017 WL 2983086 (D. Mass. July 12, 2017).........................................17

*Pilot Inc. v. NOCO Co.*,
  No. CV-20-01452-PHX-SRB, 2021 WL 2188525 (D. Ariz. 2021) .......................................17

*Poof-Slinky, LLC v. A.S. Plastic Toys Co.*,
  No. 19 Civ. 9399 (ER), 2020 WL 5350537 (S.D.N.Y. Sept. 4, 2020) ...................................7

*U. S. ex rel. Raffington v. Bon Secours Health Sys., Inc.*,
  285 F. Supp. 3d 759 (S.D.N.Y. 2018).......................................................................................11

*Solé Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*,
  450 F.3d 100 (2d Cir. 2006)..........................................................................................................7

*Tannerite Sports, LLC v. Jerent Enters., LLC*,
  No. 6:15-cv-00180-AA, 2016 WL 1737740 (D. Or. May 2, 2016).......................................17

*Thrift Drug, Inc. v. Universal Prescription Adm'rs*,
  131 F.3d 95 (2d Cir. 1997)..........................................................................................................11

*Webasto Thermo & Comfort N. Am., Inc. v. Bestop, Inc.*,
  No. 16-cv-13456, 2017 WL 4535290 (E.D. Mich. Oct. 11, 2017).........................................17

*Wm. Passalacqua Builders, Inc. v. Resnick Developers S., Inc.*,
  933 F.2d 131 (2d Cir. 1991)........................................................................................................12

*Xilinx, Inc. v. Papst Licensing GmbH & Co. KG*,
  848 F.3d 1346 (Fed. Cir. 2017).................................................................................................3, 9

**Other Authorities**

Fed. R. Civ. P. 12(b)(2).................................................................................................1, 3, 6, 10

Fed. R. Civ. P. 12(b)(6)...................................................................................................1, 15

N.Y. C.P.L.R, § 301...........................................................................................................4, 5

N.Y. C.P.L.R. § 302(a) ...................................................................................................4, 7, 8

## I.  INTRODUCTION

The instant declaratory judgment action should be dismissed under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction because Defendant Taasera Licensing LLC ("Taasera" or "Defendant") has no ties to, or presence in, this forum. Taasera's patent enforcement efforts in *Texas* are the basis for this declaratory judgment action. ███████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████

This action should also be dismissed under Federal Rule of Civil Procedure 12(b)(6) because Palo Alto has wholly failed to provide a factual basis for its claims of non-infringement. Palo Alto's First Amended Complaint includes no factual support. The First Amended Complaint merely repeats, for each claim, that it "is not infringing and has not infringed" and recites a single claim limitation that is allegedly not met for each claim of non-infringement.

## II.  BACKGROUND

### A.  The Parties

Taasera is the sole owner of all right, title, and interest in and to U.S. Patent Nos. 6,842,796 (the "'796 Patent"), 7,673,137 (the "'137 Patent"), 8,127,356 (the "'356 Patent"), 8,327,441 (the "'441 Patent"), 8,850,517 (the "'517 Patent"), 8,955,038 (the "'038 Patent"), 8,990,948 (the "'948 Patent"), 9,092,616 (the "'616 Patent"), and 9,923,918 (the "'918 Patent") (collectively, the "Patents-in-Suit"). Ex. 1, ¶ 17. The Patents-in-Suit generally cover systems and methods for network security systems. Five of the Patents-in-Suit were invented by International Business

Machines ("IBM"), and the remaining four Patents-in-Suit were invented by Taasera, Inc. *Id.*, ¶¶ 19, 20.



In short, Taasera has no presence in New York whatsoever.

Palo Alto is a corporation organized under the laws of Delaware, with its principal place of business at 3000 Tannery Way, Santa Clara, California 95054. Dkt. 21, ¶ 2.

**B.   Eastern District of Texas Action**

On February 25, 2022, Taasera filed a complaint against Palo Alto in the Eastern District of Texas (the "E.D. Tex. Action") alleging infringement of the Patents-in-Suit. Ex. 1. In that complaint, Taasera alleged that Palo Alto does business in Texas and in the Eastern District of Texas, directly or through intermediaries, such as its subsidiaries. *Id.*, ¶ 2. In the E.D. Tex. Action,

Taasera accuses Palo Alto products, including at least Palo Alto Cortex XDR, Pan-OS, and Next Generation Firewalls (NGFW) (the "Accused Products") of infringing the Patents-in-Suit. *Id.*, ¶ 30.

Palo Alto was served on March 16, 2022. Ex. 2. On March 18, 2022, Taasera filed a notice of voluntary dismissal, and the case was subsequently dismissed on March 22, 2022. Exs. 3 and 4.

### C.    The Instant Declaratory Judgment Action

On March 22, 2022, after the voluntary dismissal was granted, Palo Alto filed a complaint for Declaratory Judgment against Taasera in this Court. Dkt. 1. Palo Alto later filed its First Amended Complaint (the "Complaint"), on May 14, 2022. Dkt. 21. The Complaint asserts claims for declaratory judgment of non-infringement as to the Patents-in-Suit. Dkt. 21, ¶ 1. In its Complaint, Palo Alto offers five paragraphs addressing support for jurisdiction and venue. *Id.*, ¶¶ 6-10. Palo Alto's allegations are based nearly entirely on "information and belief" and, even if accepted as fact, plainly fail to establish jurisdiction.

## III.    ARGUMENT

### A.    Personal Jurisdiction Over Taasera is Improper in this Judicial District

Where, like here, "the complaint involves issues of patent infringement and validity," Federal Circuit law governs the question of personal jurisdiction. *New World Int'l, Inc. v. Ford Glob. Techs., LLC,* 859 F.3d 1032, 1037 (Fed. Cir. 2017); *see also Xilinx, Inc. v. Papst Licensing GmbH & Co. KG,* 848 F.3d 1346, 1352 (Fed. Cir. 2017). Personal jurisdiction must comport with the state's long-arm statute and with due process under the U.S. Constitution. *Id.* "On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that the court has jurisdiction over the defendant." *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996). Further, "where a defendant 'rebuts [plaintiffs'] unsupported allegations with direct highly specific, testimonial evidence regarding a fact essential

to jurisdiction—and plaintiffs do not counter that evidence—the allegation may be deemed refuted.'" *MEE Direct, LLC v. Tran Source Logistics, Inc*., No. 12 Civ. 6916(SAS), 2012 WL 6700067, at *2 (S.D.N.Y. Dec. 26, 2012).

Regarding the first step of the personal jurisdiction analysis, the application of the state's long-arm statute, the Federal Circuit "defer[s] to the interpretations of the relevant state and federal courts, including their determinations regarding whether or not such statutes are intended to reach to the limit of federal due process." *Graphic Controls Corp. v. Utah Med. Prod., Inc*., 149 F.3d 1382, 1386 (Fed. Cir. 1998) (citations omitted). Under New York law, courts exercise general jurisdiction in accordance with New York Civil Practice Law and Rules ("N.Y. C.P.L.R.") (McKinney 2018) § 301 and specific jurisdiction in accordance with N.Y. C.P.L.R. § 302(a). Regarding the second step of the analysis, Federal Circuit law applies to the question of whether the assertion of personal jurisdiction complies with due process. *Graphic Controls Corp.*, 149 F.3d at 1385–86.

### 1.   This Court Lacks General Jurisdiction Over Taasera

Under New York's general jurisdiction statute, a New York court may exercise general jurisdiction over companies doing *permanent* and *continuous* business in New York. N.Y. C.P.L.R, § 301. "The 'doing business' standard is 'stringent, because a defendant who is found to be doing business in New York in a permanent and continuous manner may be sued in New York on causes of action wholly unrelated to acts done in New York.'" *La Piel, Inc. v. Richina Leather Indus. Co*., No. 10-CV-1050 (JFB)(ETB), 2013 WL 1315125, at *7 (E.D.N.Y. Mar. 29, 2013) (citation omitted). "A corporation is 'doing business' in New York 'if it does business in New York 'not occasionally or casually, but with a fair measure of permanence and continuity.'" *Id*. (citation omitted).

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████

The contacts alleged "on information and belief" by Palo Alto fail to support general jurisdiction over Taasera in New York under N.Y.C.P.L.R. § 301. Palo Alto's personal jurisdiction allegations fall into three categories. First, Palo Alto alleges that Taasera (alone or together with Quest) negotiated and/or entered into one or more patent acquisition agreements for one or more of the Patents-in-Suit in this judicial district. Dkt. 21, ¶ 7. This is false. ████████████████

███████████████████████████████████████████████

█████████ Second, it alleges that Taasera (alone or together with Quest) entered into legal representation agreements relating to enforcement of the Patents-in-Suit with the law firm of Fabricant LLP in this Judicial District. Dkt. 21, ¶ 8. This is irrelevant because, as stated, ████████

███████████████████████████████████████████████ Finally, it alleges that Taasera entered into one or more agreements in this Judicial District with its parent company, Quest, in relation to enforcement of the Patents-in-Suit. Dkt. 21, ¶ 9. This is incorrect.

███████████████████████████████████████████████

███████████████████████████████████████████████

█████ These three allegations made "upon information and belief" lack factual support, are not true and, even if taken as true, wholly fail to establish that Taasera engages in "continuous and systematic" business activities in New York. *See Arquest, Inc. v. Kimberly-Clark Worldwide, Inc*., No. 07 Civ. 11202 (CM), 2008 WL 2971775, at *5 (S.D.N.Y. July 31, 2008), dismissed, 316 F.

App'x 990 (Fed. Cir. 2008) (citing *Beacon Enters., Inc. v. Menzies*, 715 F.2d 757, 762 (2d Cir.1983)). *See also Helicopteros Nacionales de Colom., S.A. v. Hall*, 466 U.S. 408, 415-16 (1984). The three purported agreements that Palo Alto contends were executed in this Judicial District would clearly not be "continuous and systematic" activities, but rather would simply be one-off agreements. The 'doing business' standard requires a defendant to be doing business in New York in a permanent and continuous manner, not occasionally or casually, but with a fair measure of permanence and continuity. *La Piel*, 2013 WL 1315125, at *7. Palo Alto's allegations fail to meet this standard.

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████

Accordingly, Palo Alto has failed to show that Taasera has "continuous and systematic" contacts with New York sufficient to confer general jurisdiction.

**2.     This Court Lacks Specific Jurisdiction Over Taasera**

Palo Alto admits that this declaratory judgment action arises from Taasera's patent enforcement in the E.D. Texas Action. Dkt. 21, ¶¶ 1, 20, and 21. Notably missing from Palo Alto's Complaint are any allegations of patent enforcement activities in New York or targeting residents of New York. Accordingly, because Taasera's patent enforcement activities are confined to its home state of Texas, Palo Alto cannot establish that this District Court has specific jurisdiction over Taasera.

"A plaintiff opposing a motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction has the burden of establishing that the court has jurisdiction over the defendant." *BHC*

*Interim Funding, LP v. Bracewell & Patterson, LLP*, No. 02 Civ. 4695 (LTS) (HBP), 2003 WL 21467544, at *1 (S.D.N.Y. June 25, 2003) (citing *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999)). The court must construe all of the plaintiff's allegations as true and resolve all doubts in its favor. *Casville Invs., Ltd. v. Kates*, No. 12 Civ. 6968 (RA), 2013 WL 3465816, at *3 (S.D.N.Y. July 8, 2013). "However, a plaintiff may not rely on conclusory statements without any supporting facts, as such allegations would 'lack the factual specificity necessary to confer jurisdiction.'" *Art Assure Ltd., LLC v. Artmentum GmbH*, No. 14 Civ. 3756 (LGS), 2014 WL 5757545, at *2 (S.D.N.Y. Nov. 4, 2014) (quoting *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 185 (2d Cir. 1998)).

Under New York law, courts exercise specific jurisdiction in accordance with N.Y.C.P.L.R. § 302(a). "To determine whether there is a basis for personal jurisdiction under § 302(a)(1), courts evaluate 'the totality of the defendant's activity within the forum' and whether 'there is an articulable nexus, or a substantial relationship, between the claim asserted and the actions that occurred in New York.'" *Poof-Slinky, LLC v. A.S. Plastic Toys Co.*, No. 19 Civ. 9399 (ER), 2020 WL 5350537, at *3 (S.D.N.Y. Sept. 4, 2020) (quoting *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007)). Section 302(a)(1) sets forth a two-part test: "(1) [t]he defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL (Licci IV)*, 732 F.3d 161, 168 (2d Cir. 2013) (citations omitted). "In order for a court to exercise specific jurisdiction over a claim, there must be an 'affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State.'" *Bristol-Myers Squibb Co. v. Superior Ct. of Cal., S.F. Cty.*, 137 S. Ct. 1773, 1781 (2017) (quotation omitted). Palo Alto does not allege that Taasera has committed any torts in New York, and thus N.Y.C.P.L.R. §§ 302(a)(2)

and 302(a)(3) do not apply. N.Y.C.P.L.R. § 302(a)(4) does not apply because Taasera does not

own, use, or possess any real property in New York.

Palo Alto failed to sufficiently plead that Taasera transacted business within New York, or

that its action for declaratory judgment arises from business Taasera transacted in New York. Palo

Alto alleges that Taasera negotiated and/or entered into agreements with Daedalus Blue LLC,

Fabricant LLP, and Quest in this Judicial District. Dkt. 21, ¶¶ 7, 8, and 9. But as discussed above,

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████ The purported agreements are also

irrelevant to this cause of action which, as Palo Alto admits, "arises from [Taasera's] *efforts at*

*enforcement* of [the Patents-in-Suit]" toward Palo Alto. Dkt. 21, ¶ 1, 20, and 21 (emphasis added).

Taasera's efforts at enforcement took place in Texas where it filed the E.D. Texas Action against

Palo Alto for patent infringement, and Palo Alto cites to no other acts supporting a case or

controversy. Ex. 1. "In order for a court to exercise specific jurisdiction over a claim, there must

be an 'affiliation between the forum and the underlying controversy, principally, an activity or an

occurrence that takes place in the forum State.'" *Bristol-Myers Squibb*, 137 S. Ct. at 1781;

*Shenzhen OKT Lighting Co.v. JLC-Tech LLC*, No. 20-cv-5062-EP, 2021 WL 4443637, at *7

(S.D.N.Y. Sept. 28, 2021) (dismissing complaint for lack of declaratory judgment jurisdiction and

holding that the declaratory judgment did not arise out of attendance and participation at trade

shows, distribution agreements in New York, sales of products, and a cease and desist letter sent

from New York). Here, there is no affiliation between this forum and the underlying controversy,

a dismissed action in the Eastern District of Texas. Private agreements purportedly executed

between ███████████████████████████████████████████████ wholly

unrelated to Palo Alto, Palo Alto's infringement in Texas, and the E.D. Texas Action that gave rise to this declaratory judgment action.

Neither the E.D. Texas Action, nor any Taasera litigation, supports a finding of personal jurisdiction in this District. *Shenzhen OKT Lighting*, 2021 WL 4443637, at *7. Taasera has never filed suit, or threatened to file suit, in New York. Taasera served the complaint and summons in the E.D. Texas Action on Palo Alto's registered agent located in Austin, Texas. None of Taasera's brief litigation history occurred in New York.

Thus, Palo Alto has not sufficiently alleged personal jurisdiction in accordance with New York's long-arm statute because this action does not arise out of any contacts with this forum.

### 3. The Exercise of Jurisdiction Over Taasera Would Offend Due Process

Palo Alto also cannot meet the second prong of the analysis for personal jurisdiction, whether the exercise of jurisdiction would comport with due process. Federal Circuit law controls the question of whether personal jurisdiction comports with due process, which depends on three factors: "(1) whether the defendant 'purposefully directed' its activities at residents of the forum; (2) whether the claim 'arises out of or relates to' the defendant's activities with the forum; and (3) whether assertion of personal jurisdiction is 'reasonable and fair.'" *Xilinx*, 848 F.3d at 1353 (quoting *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001)). Claims for declaratory judgment "neither directly arise[] out of nor relate[] to the making, using, offering to sell, selling, or importing of arguably infringing products in the forum," but instead arise out of "the activities of the defendant patentee in enforcing the patent or patents in suit." *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1332 (Fed. Cir. 2008). "The relevant inquiry for specific personal jurisdiction purposes then becomes to what extent has the defendant patentee 'purposefully directed [such enforcement activities] at residents of the forum,' and the extent to which the

declaratory judgment claim 'arises out of or relates to those activities.'" *Id.* (quoting *Breckenridge Pharm., Inc. v. Metabolite Lab'ies, Inc*., 444 F.3d 1356, 1363 (Fed. Cir. 2006)).

Taasera's patent enforcement efforts have never targeted New York residents. In its Complaint, Palo Alto does not allege that Taasera has engaged in judicial patent enforcement in this District or availed itself of New York courts. Instead, Taasera filed the E.D. Texas Action in its home court in Texas. Ex. 1. The filing of that lawsuit gave rise to Palo Alto filing this action for declaratory judgment. Dkt. 21, ¶¶ 1, 20, and 21. Palo Alto is a Delaware corporation with its principal place of business in California, and a regular and established place of business in the Eastern District of Texas. Dkt. 21, ¶ 2; Ex. 1, ¶ 2. Taasera served process on Palo Alto's registered agent located in Texas. Ex. 2. Therefore, New York is far removed from Taasera's patent enforcement activities. Here, as in *Shenzhen OKT Lighting*, the plaintiff "does not allege that [defendant] has engaged in judicial patent enforcement in this district or availed itself of New York courts." 2021 WL 4443637, at *9. Plaintiff has not established that its claims arise out of Taasera's activities purposefully directed at New York and therefore has not established personal jurisdiction over Taasera.

As to the third factor, exercise of jurisdiction is not reasonable or fair, when there was a litigation in another district. *Cf. Shenzhen OKT Lighting*, 2021 WL 4443637, at *10.

Accordingly, personal jurisdiction over Taasera does not exist in New York, and Palo Alto's Complaint must be dismissed pursuant to Rule 12(b)(2).

## B.    Quest's Contacts to New York Cannot be Imputed to Taasera

In its Complaint, Palo Alto alleges on information and belief that Taasera and Quest are alter egos and that Quest's New York contacts should be imputed to Taasera. Dkt. 21, ¶¶ 4, 9. Taasera was not dominated by Quest and there is no alleged fraud resulting from any domination. Therefore, Taasera is not an alter ego of Quest and Quest's contacts cannot be imputed.

## 1. Taasera And Quest Are Not Alter-Egos

"[T]he separate existence and status of a corporation is not lightly disregarded." *Music Mix Mobile LLC v. Newman,* 592 B.R. 292, 302 (Bankr. S.D.N.Y. 2018). "[I]n the ordinary case 'it is perfectly legal to incorporate for the express purpose of limiting the liability of the corporate owners.' In fact, the very nature and purpose of conducting business through a corporation is to shield the owners from direct liability for the debts incurred in connection with that business." *Id.*

To establish that parties are alter egos of each other requires evidence showing (1) "that the owner exercised complete domination over the corporation with respect to the transaction at issue" *and* (2) "that such domination was used to commit a fraud or wrong that injured the party seeking to pierce the veil." *Thrift Drug, Inc. v. Universal Prescription Adm'rs*, 131 F.3d 95, 97 (2d Cir. 1997) (internal quotation marks omitted); *Am. Fuel Corp. v. Utah Energy Dev. Co*., 122 F. 3d 130, 134 (2d Cir. 1997); *Music Mix Mobile LLC v. Newman,* 592 B.R. 292, 302 (Bankr. S.D.N.Y. 2018). "Importantly, '[a] party seeking application of the alter ego doctrine must come forward with factual allegations as to both elements.'" *U. S. ex rel. Raffington v. Bon Secours Health Sys., Inc*., 285 F. Supp. 3d 759, 769 (S.D.N.Y. 2018) quoting *Bravado Int'l Grp. Merch. Servs., Inc. v. Ninna, Inc*., 655 F.Supp.2d 177, 197 (E.D.N.Y. 2009) (citations, internal quotation marks, and brackets omitted) and *EED Holdings v. Palmer Johnson Acquisition Corp*., 228 F.R.D. 508, 512 (S.D.N.Y. 2005). The factual allegations of Palo Alto's Complaint do not establish that either prong of the alter ego test is satisfied.

### a. Palo Alto Offers No Evidence That Either Defendant Dominated the Other Such That It Had No Separate Identity

The Second Circuit considers ten factors when determining if an entity exercises complete domination over another: (1) the absence of the formalities and paraphernalia that are part and

parcel of the corporate existence, *i.e.*, issuance of stock, election of directors, keeping of corporate records and the like, (2) inadequate capitalization, (3) whether funds are put in and taken out of the corporation for personal rather than corporate purposes, (4) overlap in ownership, officers, directors, and personnel, (5) common office space, address and telephone numbers of corporate entities, (6) the amount of business discretion displayed by the allegedly dominated corporation, (7) whether the related corporations deal with the dominated corporation at arm's length, (8) whether the corporations are treated as independent profit centers, (9) the payment or guarantee of debts of the dominated corporation by other corporations in the group, and (10) whether the corporation in question had property that was used by other of the corporations as if it were its own. *Wm. Passalacqua Builders, Inc. v. Resnick Developers S., Inc*., 933 F.2d 131, 139 (2d Cir. 1991).[1]

Taasera is a distinct entity from Quest. ███████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

[1] Under Delaware and Texas law, the states of incorporation of Quest and Taasera, the analysis is similar. In Delaware, "plaintiff must show both that (1) the owner and his corporation 'operated as a single economic entity,' and that (2) the owner's actions contained 'an overall element of injustice or unfairness.'" *Cohen v. Schroeder*, 248 F. Supp. 3d 511, 518 (S.D.N.Y. 2017), aff'd, 724 F. App'x 45 (2d Cir. 2018) quoting *NetJets Aviation, Inc. v. LHC Commc'ns, LLC*, 537 F.3d 168, 174 (2d Cir. 2008) (alteration in original) (citation omitted). Likewise, "Texas law presumes that two separate corporations are indeed distinct entities," and alter ego may be found only if there is evidence "that the two entities cease to be separate so that the corporate fiction should be disregarded to prevent fraud or injustice. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 798-99 (Tex. 2002). Taasera and Quest are not alter egos of one another under either of these analyses, for the same reasons they are not alter egos of one another under New York law.

██████████████████████████████████████████████████

████████████████████  Under these facts, it is clear that Quest does not exercise "complete

domination" over Taasera.

The only factual allegation relating to the Second Circuit factors that was plead by Palo

Alto in its Complaint pertains to inadequate capitalization. The evidence Palo Alto sets forth in

support of its allegation that Taasera is undercapitalized "in order to avoid payment of any adverse

judgment or monetary sanctions against Quest or Taasera Licensing" is an excerpt from Quest's

SEC filing, stating,

> "Since the operating subsidiaries do not have any assets other than
> the patents, and the Company does not have any available financial
> resources to pay any judgment which a defendant may obtain against
> a subsidiary, such a judgment may result in the bankruptcy of the
> subsidiary and/or the loss of the patents, which are the subsidiaries'
> only assets."

Dkt. 21-12, at F-29. This statement does not show that Taasera is undercapitalized as Palo Alto

alleges. As the Second Circuit has held, even if a corporation is underfunded and cannot meet

obligations for litigation expenses of another, "no reasonable jury would find that [defendant's]

actions caused [plaintiff] to suffer an 'injustice or unfairness.'" *Cohen v. Schroeder*, 724 F. App'x

45, 49 (2d Cir. 2018). Even if Taasera was undercapitalized (it is not), it would not cause any

injustice to Palo Alto.

The Court in *In re Indus. Print Techs., LLC Pat. Litig.*, No. 3:15-md-2614-M, 2015 WL

5918964, (N.D. Tex. 2015) considered a situation identical to the one here. In that case, the court

rejected the contention that the wholly-owned subsidiary was undercapitalized and that the parent

should be joined as being an alter ego corporation to provide a source of recovery for attorney's

fees and costs. *Id*. at *3. There, defendants "pled counterclaims only for declaratory judgments of

non-infringement and invalidity of the asserted patents." *Id*. at *2. The court found that "[t]o the

13

extent Defendants contend that 'complete relief' includes recovery of fees and costs incurred in this litigation, they have not shown that—if they were to prevail—[defendant] is so undercapitalized that it would be unable to satisfy any award of fees or costs." *Id*. at *3. The court further noted that defendant was sufficiently capitalized as its assets included rights to the asserted patents. *Id*. The court there held that, "At this point in the litigation, Defendants' entitlement to such an award is ***entirely speculative***, and discovery into the subject would result in delay and increase costs without advancing a resolution on the merits." *Id*. (emphasis added). Similarly, here, any argument that Palo Alto will succeed in its claims for declaratory judgment, and fees and costs, is entirely speculative. Palo Alto has failed to show that Taasera is undercapitalized, as it has full ownership of the Patents-in-Suit. The Court should reach the same conclusion here as the court in *In re Indus. Print Techs.* and reject Palo Alto's allegation that Taasera has inadequate capitalization.

Palo Alto cites Quest's 2021 Form 10K, stating that Quest received a capital advance of $250,000 to acquire several of the Patents-in-Suit for Taasera but this fact "do[es] not remotely establish that [defendant] exercises complete domination." *Handal & Morofsky, LLC v. Viatek Consumer Prod. Grp., Inc*., No. 18 CIV. 1887 (ER), 2018 WL 5886122, at *6 (S.D.N.Y. Nov. 8, 2018); Dkt. 21, ¶ 9. This fact is irrelevant to the alter ego analysis, as it only shows that a parent corporation is working to establish its subsidiary, which is the opposite of domination. Palo Alto also conveniently omits the prior sentence from the Form 10K, which states, "On May 20, 2021, Taasera Licensing LLC, a wholly owned subsidiary, entered into an agreement with Taasera, Inc. to acquire all right, title, and interest in a portfolio of seven United States patents (the "Taasera Portfolio") for $250,000." Dkt. 21-12, at F-16. Taasera alone took on the obligations under the agreement with Taasera, Inc., and Taasera acquired full interest the patent portfolio.

Palo Alto also refers to Quest's website where it lists its subsidiaries, their patent portfolios, and litigations. Dkt. 21, ¶ 9. "[R]eliance on [Quest's] website to show [Quest's] domination of [Taasera] is completely unavailing." *Handal & Morofsky,* 2018 WL 5886122, at *7. ████████

████████████████████████████████████████████████████

████████████████

### b.  *Palo Alto Has Failed to Show a Wrongful or Unjust Act Arising from the Alleged Domination*

Not only has Palo Alto failed to show any domination over either Defendant, but Palo Alto has also failed to show that "such domination was used to commit a fraud or a wrong against [Palo Alto]." *Music Mix*, 592 B.R. at 302. It is indisputable that neither Quest or Taasera perpetuated a fraud or wrong on Palo Alto, much less a fraud or wrong caused by one Defendant dominating the other. Palo Alto identified no fraud or wrong against it committed by either Taasera or Quest in its Complaint, and none exists. Palo Alto seeks a declaratory judgment that it does not infringe the Patents-in-Suit and does not allege that it has been harmed in any way.

To the extent Palo Alto argues that Taasera is "undercapitalized," that is irrelevant to Palo Alto's claims for declaratory judgment of non-infringement which do not involve any monetary issues. The statement Palo Alto cites refers to judgments against Taasera for violation of "statutory authority, regulatory authority, federal rules, local court rules, or governing standards relating to the substantive or procedural aspects of such enforcement actions," none of which exist. Dkt. 21-12, at F-29. Any argument that Palo Alto may obtain legal fees stemming from its declaratory judgment action is wholly speculative and should be given no weight.

Accordingly, Palo Alto fails to show that either prong of the alter ego test is met.

**C.      Palo Alto's Complaint Should Be Dismissed for Failure to State a Claim Under Rule 12(b)(6)**

In ruling on a motion to dismiss for failure to state a claim, the court must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Gregory v. Daly,* 243 F.3d 687, 691 (2d Cir. 2001), *as amended* (Apr. 20, 2001). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

Here, Palo Alto's Complaint offers *no allegations of fact* in support of any of its nine claims of non-infringement. *See* Dkt. 21, ¶¶ 22-48. Plaintiff is apparently unaware of any facts that support its claims of non-infringement, as it alleges only the following boilerplate language for each claim: "Palo Alto Networks is not infringing and has not infringed, directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, any claim of the [Asserted Patent]." *Id.*, ¶¶ 23, 27, 31, 35, 39, 43, 47, 51, and 55. In support of its claims, it merely copies a single claim limitation for each of the Patents-in-Suit and states, without factual support, that the Accused Products do not perform that claim limitation. "[Palo Alto] fails to plead factual allegations regarding non-infringement, and its conclusory allegations plainly are not sufficient to state a plausible claim for non-infringement." *E&E Co. v. London Luxury LLC*, 1:20-cv-09610, 2021 WL 5357474 at *3 (S.D.N.Y. Nov. 17, 2021).

Palo Alto's allegations are similar to the allegation considered in *E&E Co.* There, plaintiff's declaratory judgment counterclaim for non-infringement "allege[d] that 'London Luxury does not infringe the '376 patent because the accused products do not practice each claim

16

of the '376 patent.'" *Id*. at *3. The Court held that plaintiff's allegation was "conclusory and insufficient to state a claim." *Id*. The same result should be reached here, as Palo Alto's allegations are similarly conclusory and lack any factual underpinnings.

Courts in other districts have consistently reached the same holding as *E&E Co.* on the same facts presented here. *See Comcast Cable Commc'ns, LLC v. OpenTV, Inc*., 319 F.R.D. 269, 273 (N.D. Cal. 2017) (dismissing non-infringement claim and noting "the amended complaint must go beyond only stating in conclusory terms that each accused product or service meets the elements of non-infringement and must also set forth factual allegations showing how each accused product or service specifically does not meet at least one claim limitation, such that it does not infringe the asserted patent"); *Tannerite Sports, LLC v. Jerent Enters., LLC*, No. 6:15-cv-00180-AA, 2016 WL 1737740, at *4 (D. Or. May 2, 2016) (dismissing non-infringement counterclaim when defendant only stated it had not infringed on the plaintiff's patent and failed to point to any specific facts in its incorporated "facts" section); *Pilot Inc. v. NOCO Co.*, No. CV-20-01452-PHX-SRB, 2021 WL 2188525, *4 (D. Ariz. 2021) (ruling that the accused infringer must plead facts showing that its arguments of non-infringement and invalidity are plausible, *i.e.*, the accused infringer is "required to plead its counterclaims in accordance with Rule 8, *Twombly*, and *Iqbal*" thus the "threadbare" allegations that defendant "has not infringed and does not infringe any valid and/or enforceable claim of the '653 Patent, either directly or indirectly, literally, under the doctrine of equivalents, or otherwise" failed to state a claim); *Webasto Thermo & Comfort N. Am., Inc. v. Bestop, Inc*., No. 16-cv-13456, 2017 WL 4535290, *3-*5 (E.D. Mich. Oct. 11, 2017) (dismissing, with leave to amend, accused infringer's boiler plate declaratory judgment counterclaims of non-infringement and invalidity with no facts pled as to why the accused product did not infringe); *PetEdge, Inc. v. Marketfleet Sourcing, Inc*., No. 16-12562-FDS, 2017 WL

2983086, *3 (D. Mass. July 12, 2017) (dismissing non-infringement declaratory judgment counterclaim since the accused infringer had failed to plead any specific facts for why its accused product did not infringe.)

Accordingly, the Court should dismiss Palo Alto's Complaint for failure to state a claim because Palo Alto has provided no allegations of fact for its nine claims of non-infringement.

## IV.    CONCLUSION

For the reasons described herein, the Court should dismiss Palo Alto's Complaint for Declaratory Judgment for lack of personal jurisdiction or, in the alternative, for failure to state a claim.

Dated:  June 23, 2022                              Respectfully Submitted,


  */s/ Alfred R. Fabricant*
Alfred R. Fabricant
NY Bar No. 2219392
Email: ffabricant@fabricantllp.com
FABRICANT LLP
411 Theodore Fremd Avenue,
Suite 206 South
Rye, New York 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

***ATTORNEYS FOR DEFENDANT***
***TAASERA LICENSING LLC***

18

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 23,, 2022, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system to all counsel of record.

_/s/ Alfred R. Fabricant_
Alfred R. Fabricant