**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PALO ALTO NETWORKS, INC. <br><br> Plaintiff, <br><br> v. <br><br> TAASERA LICENSING LLC, and QUEST PATENT RESEARCH CORPORATION, <br><br> Defendants. | Civil Action No. 1:22-cv-02306-ER |

**PLAINTIFF PALO ALTO NETWORK, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS CROSS-MOTION FOR LEAVE TO TAKE JURISDICTIONAL DISCOVERY**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ............................................................................................................. 1

II. BACKGROUND FACTS ................................................................................................. 3

III. LEGAL STANDARD ....................................................................................................... 5

IV. ARGUMENT .................................................................................................................... 7

V. CONCLUSION ............................................................................................................... 10

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Aerotel, Ltd. v. Sprint Corp.*,
  100 F. Supp. 2d 189 (S.D.N.Y. 2000) ................................................................................... 6

*APWU v. Potter*,
  343 F.3d 619 (2d Cir. 2003) .............................................................................................. 5, 10

*Ayyash v. Bank Al-Madina*,
  No. 04 Civ. 9201(GEL), 2006 WL 587342 (S.D.N.Y. Mar. 9, 2006) ......................... 6, 8, 10

*Daventree Ltd. v. Republic of Azer.*,
  349 F. Supp. 2d 736 (S.D.N.Y. 2004) ........................................................................ 5, 6, 10

*Flores v. Bodden*,
  488 F. App'x 770 (5th Cir. 2012) ........................................................................................ 9

*Gentry v. Kaltner*,
  No. 17-CV-8654 (KMK), 2020 WL 1467358 (S.D.N.Y., 2020) ...................................... 10

*Hertz Corp. v. Friend*,
  559 U.S. 77 (2010) ............................................................................................................... 2

*In re Hoosick Falls PFOA Cases*,
  431 F. Supp. 3d 69 (N.D.N.Y. 2020) .................................................................... 6, 7, 8, 9, 10

*Int'l Diamond Imps., Inc. v. Oriental Gemco (N.Y.), Inc.*,
  64 F. Supp. 3d 494 (S.D.N.Y. 2014) .................................................................................... 6

*Marine Midland Bank, N.A. v. Miller*,
  664 F.2d 899 (2d Cir. 1981) ................................................................................................. 6

*Mariner IC Inc. v. Huawei Device USA, Inc. et al.*,
  C.A. 2-18-cv-00167 (E.D. Tex.) .......................................................................................... 3

*Mariner IC Inc. v. Huawei Device USA, Inc. et al.*,
  C.A. 2-18-cv-00407 (E.D. Tex.) .......................................................................................... 3

*MWH Int'l, Inc. v. Inversora Murten S.A.*,
  No. 11 Civ. 2444(HB), 2012 WL 3155063 (S.D.N.Y. Aug. 3, 2012) ............................. 6, 7

*Smit v. Isiklar Holding A.S.*,
  354 F. Supp. 2d 260 (S.D.N.Y. 2005) .................................................................................. 7

*Strategem Dev. Corp. v. Herron Int'l N.V.*,
   153 F.R.D. 535 (S.D.N.Y. 1994) ....................................................................................... 6, 8

*Taasera Licensing LLC v. Palo Alto Networks, Inc.*,
   No. 2:22-cv-00062-Case 1:22-cv-02306-JRG-RSP, Dkt. 1 (E.D. Tex. Feb. 25,
   2022) ................................................................................................................................. 2, 3

*Texas Int'l Magnetics, Inc. v. BASF Aktiengesellschaft*,
   31 F. App'x 738, 2002 WL 385569 (2d Cir. Mar. 12, 2002) .................................................6

*Winston & Strawn v. Dong Won Sec. Co.*,
   No. 02-CV-183, 2002 WL 31444625 (S.D.N.Y. Nov. 1, 2002) .............................................7

## I.  INTRODUCTION

Pursuant to the Court's Order during the June 16, 2022 pre-motion conference, Plaintiff Palo Alto Networks, Inc. ("PAN") hereby requests that the Court (i) order jurisdictional discovery and (ii) extend PAN's response to Defendant Taasera Licensing LLC's ("Taasera") and Quest Patent Research Corp.'s ("Quest"; together "Defendants") motions to dismiss[1] until two weeks after completing jurisdictional discovery.

Taasera's protestation that it lacks connection to this District defies belief. Taasera is managed from this District by Jon Scahill, who resides in this District. Taasera executed the agreements to acquire the patents-at-issue from an office in this District, and acquired the patents from another entity based within this District, Daedalus Blue ("Daedalus"). That acquisition includes patents, at issue in this case, that were originally developed in Armonk, New York within this District. Taasera is wholly owned by Quest, a company headquartered in this District. And both Taasera's formation documents and its patent assignment documents, on file with the Texas Secretary of State and United States Patent and Trademark Office respectively, list the Rye, New York address within this District as the address of Taasera management and for communications regarding the patents-at-issue. At a minimum, these facts establish specific personal jurisdiction over Taasera for this case.

Taasera and Quest's argument that they are not alter egos of one another contradicts the facts PAN has already discovered from publicly available sources. Taasera is not just wholly owned by Quest, but is also managed by the same individuals, and from the same office, within this District. That office in this District is also shared by Taasera's counsel, Fabricant, LLP,

---

[1] Defendants filed respective motions to dismiss on May 31, 2022. Dkts. 28 and 33. The Court denied these motions as premature and ordered letter briefing requesting a status conference. Dkt. 37. That conference was held on June 16, 2022 and the Court ordered Defendants to re-file their motions and for PAN to file a motion requesting jurisdictional discovery.

which litigates their patent infringement matters.  There is no legitimate question that an alter-ego showing has been made here.  Where jurisdiction is challenged, as it is here, this District has a long-standing practice of allowing jurisdictional discovery where, as here, a sufficient start toward establishing jurisdiction has been identified.

Defendants' arguments contesting this Court's jurisdiction only underscore the need for jurisdictional discovery.  Taasera provided a declaration arguing its business connections to Texas and lack of connections to New York.  Dkt. 36.  Quest provided a declaration arguing its lack of connections to the subject matter of this case and separateness from Taasera.  Dkt. 29.  Both self-serving declarations, however, are conclusory, offer no documentary support, and offer only cherry-picked statements that are inconsistent with the evidence PAN has already identified.  Indeed, Taasera's "business" address in Texas is nothing more than the address of its local patent counsel law firm, the Truelove firm.  Additional evidence supporting jurisdiction—further showing the alter-ego relationship between the Defendants, and Taasera's other connections to this District—is within the sole possession of Defendants and jurisdictional discovery should be ordered so that PAN can uncover this evidence, refute Defendants' conclusory self-serving arguments and *further* establish that jurisdiction is indeed proper.

The Supreme Court has urged courts to ensure that the jurisdictional and venue laws are not frustrated by a party's attempts at manipulation.  *See Hertz Corp. v. Friend*, 559 U.S. 77, 97 (2010).  Taasera and Quest appear to be engaging in exactly that type of manipulation, through alleging misleading corporate separation and the submission of hollow declarations.  Jurisdictional discovery is necessary to reveal the true story.  PAN requests that the Court extend PAN's responsive briefing until two weeks after completion of jurisdictional discovery so that PAN can provide this evidence without the need for supplemental briefing.  Specifically, PAN

seeks corporate depositions of both Defendants; a personal deposition of Defendants' declarants, Jon Scahill and Tim Scahill; 10 interrogatories; and 10 requests for productions, to be completed within three months.

## II.   BACKGROUND FACTS

On February 25, 2022, Taasera filed a lawsuit against PAN in the United States District Court for the Eastern District of Texas asserting nine patents (collectively, "the patents-in-suit"). *See* Ex. I (*Taasera Licensing LLC v. Palo Alto Networks, Inc.*, No. 2:22-cv-00062-Case 1:22-cv-02306-JRG-RSP, Dkt. 1 (E.D. Tex. Feb. 25, 2022)).  On March 18, 2022, the same day that service was effectuated, Taasera voluntarily dismissed its lawsuit against PAN without prejudice.[2, 3]  *Id.*, Dkt. 10 (summons returned executed) and Dkt. 11 (voluntary dismissal).  On March 22, 2022 and May 12, 2022, PAN filed a declaratory judgment complaint and first amended declaratory judgment ("FAC") complaint against Taasera and Quest in the Southern District of New York alleging noninfringement of each of the patents-in-suit.  *See, e.g.*, Dkt. 19, ¶¶ 1, 20.  PAN's FAC alleges that this Court has personal jurisdiction over Quest on the basis that its principal place of business is in Rye, New York, within this District.  *Id.*, ¶ 4; Dkt. 19-12 at 1.  With respect to Taasera, PAN's FAC alleges that this Court has personal jurisdiction based

---

[2] By serving the complaint, and immediately dismissing the complaint without prejudice, Defendants appear to be attempting to manipulate the patent system.  The patent laws allow an accused infringer one year from the service of a compliant to pursue *inter partes* review proceedings before the U.S. Patent Office.  PAN suspects that Defendants dismissed the prior action in order to start the one-year time bar and refile later when PAN has less time to develop and file an *inter partes* review challenge.  Quest, and the counsel at Fabricant LLP, have used this technique previously.  *See, e.g.*, *Mariner IC Inc. v. Huawei Device USA, Inc. et al.*, C.A. 2-18-cv-00167 (E.D. Tex.), Dkt. 1 (complaint filed by Quest entity Mariner IC on Apr. 4, 2018 with Alfred Fabricant as lead attorney) and Dkt. 18-19 (voluntary dismissal on Aug. 22, 2018) and *Mariner IC Inc. v. Huawei Device USA, Inc. et al.*, C.A. 2-18-cv-00407 (E.D. Tex.), Dkt. 1 (refiling complaint on Sep. 25, 2018 by Fabricant).

[3] Taasera's counsel previously stated to this Court that its "counsel decided that that was not an appropriate action to bring in the Eastern District of Texas." June 16, 2022 Hrg. Tr. at 5:1-3.

3

on Taasera's substantial contacts with this District related to the patents-in-suit, and that Quest is the alter ego of Taasera. *Id*. ¶¶ 3-9.

Furthermore, PAN alleges that, based on Taasera's Certificate of Formation, Taasera is managed from this District by Quest at its Rye, New York address. *Id*. ¶ 3; Dkt. 26 at 7. In fact, Taasera itself submitted a declaration indicating that it has a manager, Jon Scahill, who manages Taasera in New York. Dkt. 36, ¶ 3 ("Jon C. Scahill also manages Taasera by teleworking from New York."). In addition to managing Taasera, Mr. Scahill also serves as the president and chief executive officer of Quest and has held that role since January 2014. Ex. A (Quest Membership Team). Mr. Scahill is also an attorney who is registered with the New York Bar and lists his business address as the same Rye, New York address used by Quest and Taasera's attorney, the Fabricant law firm. Ex. B (Scahill New York Attorney Registration); Ex. C (Fabricant Firm Contact Information).

Furthermore, PAN alleges that Taasera submitted assignment records for six of the patents-in-suit to the United States Patent Office listing Quest's name, and Quest's Rye, New York address. *Id*., ¶ 7; Dkt. 19-13. PAN also alleges that Quest has repeatedly announced Taasera's litigation activities, including against PAN, on Quest's website, which lists Quest's Rye, New York address. *Id*., ¶ 9. In fact, Taasera's own website was registered on March 14, 2022 by an individual in New York, just one week before its initial complaint against PAN in East Texas. Ex. D (MDL Dkt. 28-9). Furthermore, PAN alleges that Taasera negotiated and entered into agreements with Daedalus, which is located in Bronxville, New York, within the Southern District of New York, to acquire six of the patents-in-suit. Dkt. 19-13. And PAN's FAC alleges, based on Quest's 10-K filing, that Daedalus is entitled to "a portion of the net proceeds from the monetization" of the patents-in-suit, confirming that Taasera has an ongoing

4

relationship with the Southern District of New York-based Daedalus directly related to six patents-in-suit.  Dkt. 19, ¶ 7.

PAN further alleges that Quest is the sole owner/manager of Taasera.  *Id*.  Taasera has similarly submitted a declaration corroborating that it is owned by Quest (Dkt. 36, ¶ 4), and the Quest website lists Taasera Licensing LLC and the patents-in-suit on a page entitled "Our Portfolio" (Ex. X (Quest – Portfolios)).  Additionally, PAN alleges, based on Quest's 10-K, that Taasera received a "capital advance" from Quest Finance LLC of $250,000 to purchase four of the patents-in-suit from Taasera, Inc.  Dkt. 19, ¶ 9.  PAN further alleges, again based on Quest's own 10-K, that Taasera is similarly undercapitalized to avoid paying any judgments.  *Id*.

Taasera disputes personal jurisdiction because it is a "Texas corporation with its principal place of business located in Plano, Texas."  Dkt. 36, ¶ 3.  But the two are not mutually exclusive and this this does not defeat personal jurisdiction over Taasera in New York with respect to this case.  Moreover, Taasera's allegation appears to be a classic non-practicing-entity sham that seeks to game jurisdiction by using an address of its outside counsel.  Taasera did not identify a specific address in Plano, Texas; however, the Texas Comptroller of Public Accounts identifies that Taasera is located in Marshall, Texas 75670.  Ex. J (Taasera Licensing LLC).  The address is identified as the office of Taasera's Texas patent counsel, the Truelove Law Firm, and not a true place of other business activities for Taasera.  Ex. I, ¶ 1, p. 76; Ex. F (Photo of Truelove Law Firm #1); Ex. G (Photo of Truelove Law Firm #2); Ex. H (Truelove Law Firm Address).

### III. LEGAL STANDARD

This Court has "discretion to determine whether a plaintiff is entitled to conduct jurisdictional discovery and to 'devise the procedures [to] ferret out the facts pertinent to jurisdiction.'"  *Daventree Ltd. v. Republic of Azer.*, 349 F. Supp. 2d 736, 761 (S.D.N.Y. 2004) (citing to *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003)).  Furthermore, "[a] plaintiff should

be provided with 'ample opportunity to secure and present evidence relevant to the existence of jurisdiction' through jurisdictional discovery." *Id*. In fact, in *Daventree*, the court held that "[i]f a plaintiff has identified a genuine issue of jurisdictional fact, jurisdiction[al] discovery is appropriate even in the absence of a *prima facie* showing as to the existence of jurisdiction." *Id*.

This Court has found that jurisdictional discovery is appropriate when a party has "made a sufficient start toward establishing jurisdiction." *Strategem Dev. Corp. v. Herron Int'l N.V.*, 153 F.R.D. 535, 547 (S.D.N.Y. 1994); *see Ayyash v. Bank Al-Madina*, No. 04 Civ. 9201(GEL), 2006 WL 587342, at *6 (S.D.N.Y. Mar. 9, 2006) ("Assuming arguendo that these allegations do not constitute a *prima facie* showing of subject-matter jurisdiction, they at least constitute a sufficient start at making such a showing.") (internal quotations omitted). Furthermore, "[a] district court has 'considerable procedural leeway' when deciding a motion to dismiss for lack of personal jurisdiction," and may permit discovery to aid in determining the merit of the motion. *Int'l Diamond Imps., Inc. v. Oriental Gemco (N.Y.), Inc.*, 64 F. Supp. 3d 494, 507, 518 (S.D.N.Y. 2014) (allowing jurisdictional discovery to determine whether or not there is general jurisdiction under an alter-ego theory); *see also Aerotel, Ltd. v. Sprint Corp.*, 100 F. Supp. 2d 189, 194 (S.D.N.Y. 2000) ("However, '[i]n deciding a pretrial motion to dismiss for lack of personal jurisdiction a district court has considerable procedural leeway.'") (citing *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981)). Even when a "plaintiff[] [has] not show[n] that [the defendant] is subject to the court's jurisdiction," the Second Circuit has explained that a plaintiff is "entitled to jurisdictional discovery in order to develop the factual record requisite for such a choosing." *See Texas Int'l Magnetics, Inc. v. BASF Aktiengesellschaft*, 31 F. App'x 738, 739, 2002 WL 385569 (2d Cir. Mar. 12, 2002). Moreover, the argument that "jurisdictional discovery is warranted . . . is buttressed by the realization that 'the facts necessary to establish

personal jurisdiction' may 'lie exclusively within the defendant's knowledge.'" *In re Hoosick Falls PFOA Cases*, 431 F. Supp. 3d 69, 81 (N.D.N.Y. 2020) (citing *Winston & Strawn v. Dong Won Sec. Co.*, No. 02-CV-183, 2002 WL 31444625, at *5 (S.D.N.Y. Nov. 1, 2002) (denying defendant's motion to dismiss for lack of personal jurisdiction, and granting plaintiff additional discovery to establish jurisdiction, because the relevant discovery was in defendant's possession)) (additional citations omitted). In fact, this Court held in *MWH Int'l, Inc. v. Inversora Murten S.A.* that even "if [a] plaintiff has not pleaded a *prima facie* showing of personal jurisdiction, a court may order limited discovery targeted at the missing jurisdictional elements, if plaintiff has shown that such an exercise would serve to *fill any holes* in its showing." No. 11 Civ. 2444(HB), 2012 WL 3155063, at *5 (S.D.N.Y. Aug. 3, 2012) (citing *Smit v. Isiklar Holding A.S.*, 354 F. Supp. 2d 260, 263 (S.D.N.Y. 2005)).

In order "[t]o satisfy the alter ego test . . . , a plaintiff must make out a prima facie case (1) that there is such unity of interest and ownership that the separate personalities of the two entities no longer exist and (2) that failure to disregard their separate identities would result in fraud or injustice." *In re Hoosick Falls*, 431 F. Supp.3d at 79-81 (internal citations excluded).

As set forth below and in its FAC, PAN has indeed made a *prima facie* showing of personal jurisdiction over Taasera and subject matter jurisdiction over Quest that is a "sufficient start" to warrant jurisdictional discovery.

## IV.    ARGUMENT

To rebut Defendant's allegations that contradict public information establishing jurisdiction, the court should order jurisdictional discovery because PAN has identified far more than a sufficient start towards establishing jurisdiction here. Taasera is managed by a Quest executive, Jon Scahill, from Quest's offices within the Southern District of New York. Dkt. 36, ¶¶ 2, 3. This Court has found that evidence of this type is "a sufficient start toward establishing

7

jurisdiction." *See In re Hoosick Falls*, 431 F. Supp.3d at 79-81 (finding that the plaintiffs "made a sufficient start toward establishing jurisdiction" by establishing that "Thomas Kinsky was simultaneously the CEO of Saint-Gobain and SGPP" and that "Saint-Gobain managed SGPP or provided services or input to SGPP").

Furthermore, Taasera has engaged in key business activities directly related to this matter within this District.  For example, as laid out in Taasera's patent registration documents, Taasera acquired six of the patents-in-suit from another entity within this District, Daedalus.  Dkt. 19-13.  Taasera's representative in that transaction was Jon Scahill, who identified his correspondence address for the patents-at-issue as Quest's offices in Rye, New York, within this District.  Ex. B.  Some of those patents originated from work done at IBM in this District.  Dkt. 19-1, 19-2, 19-3, 19-9.  The degree of contacts between Taasera and this District, including (i) the location of its manager Jon Scahill and the location from which he manages Taasera, (ii) the New York location listed on the face of Taasera's formation and patent assignment documents, and (iii) the location of the parties to its business negotiations to acquire the patents-in-suit, constitute the "sufficient start" to establishing personal jurisdiction over Taasera that warrants additional jurisdictional discovery.  *See Ayyash*, 2006 WL 587342 at *6; *Strategem Dev. Corp.*, 153 F.R.D. at 547-48.

Additional facts further show that a sufficient start towards establishing jurisdiction has been made.  PAN has alleged that Quest and Taasera are alter egos.  ECF 19, ¶ 4.  The facts support this allegation.  Quest lists Taasera and the patents-in-suit on its webpage that Quest calls "Our Portfolio."  Ex. E (Our Portfolio).  Quest's public filings also identify that Taasera is purposely undercapitalized, such that Taasera could not possibly be providing the financing to defend the present litigation, or satisfy any judgment of costs or attorneys' fees as sought by

PAN.  Dkt. 19, ¶ 9.  Quest also acknowledges in its 10K that it provided the financing to purchase the patents-in-suit, through a "capital advance" to Taasera.  *Id.*  These facts evidence that Taasera is nothing more than an underfunded shell corporation intended to protect Quest from costs and liabilities in this litigation. Such evidence supports the fact that Taasera is an alter ego of Quest.  *Flores v. Bodden*, 488 F. App'x 770, 776 (5th Cir. 2012) (reaffirming that evidence of alter ego can be shown through "the degree to which corporate formalities have been followed and corporate and individual property have been kept separately, the amount of financial interest, ownership and control the individual maintains over the corporation, and whether the corporation has been used for personal purposes."); *id.* at 777 ("In the alter ego analysis, '[t]he financial strength or weakness of [a corporation] is … an important consideration in determining whether the [corporation] is merely a shell through which the [alleges alter ego] is conducting its business without taking any of the risks for liabilities incurred.'") (internal citations omitted).

      Jurisdictional discovery is also warranted because of the inconsistencies in Defendants' previously submitted affidavits.  For example, Tim Scahill, a Taasera manager, testified that "Quest and its Board of Directors do not control or manage Taasera's day-to-day … business activities."  Dkt. 36, ¶ 11.  However, Tim Scahill also admitted that Quest's CEO "Jon C. Scahill also manages Taasera by teleworking from New York." *Id.*, at ¶¶ 2, 3; Dkt. 29 ¶ 2.  Indeed, Defendants have identified that the overlap in ownership personnel extends deeper because Tim Scahill also serves as the Chief Technology Officer of Quest.  Ex. A.  The Fifth Circuit in *Flores* found such evidence of common ownership supported a finding of alter-ego status.  488 F. App'x at 777.

      Therefore, PAN has certainly made a "sufficient start' in establishing subject matter

jurisdiction over Quest on the basis of alter ego liability and direct involvement with the acquisition and enforcement of the patents-in-suit. *See Ayyash*, 2006 WL 587342 at *6. As this Court has found, Plaintiff PAN should have "should be provided with 'ample opportunity to secure and present evidence relevant to the existence of jurisdiction' through jurisdictional discovery." *Daventree Ltd. v. Republic of Azer.*, 349 F. Supp. 2d 736, 761 (S.D.N.Y. 2004) (citing to *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003)).

Importantly, although PAN's FAC makes out more than a prima facie case of personal jurisdiction over Taasera and alter ego liability and subject matter jurisdiction of Quest, PAN need not definitively prove that the Southern District has jurisdiction to receive jurisdictional discovery. Rather, as the court in *Hoosick* explained, while the facts were "insufficient to establish a prima facie case for jurisdiction, they satisfy[ied] the light burden [plaintiffs] must meet to justify jurisdictional discovery." *In re Hoosick Falls*, 431 F. Supp.3d at 81. In fact, even when "certain facts … are in dispute," this court has found jurisdictional discovery to be appropriate. *See Gentry v. Kaltner*, No. 17-CV-8654 (KMK), 2020 WL 1467358, at *8 (S.D.N.Y., 2020) ("Here, where Plaintiff has alleged that Voiceless is a successor in interest, and certain facts with respect to this status are in dispute, limited jurisdictional discovery is appropriate.") (internal citations excluded).

## V.    CONCLUSION

For the reasons stated above, Plaintiff PAN requests that its cross-motion for jurisdictional discovery be granted, and this jurisdictional discovery should be completed before PAN has to file its opposition to Defendants' motions to dismiss.

Dated: New York, New York
June 23, 2022

WINSTON & STRAWN LLP

By: */s/ Krishnan Padmanabhan*
Krishnan Padmanabhan
Kelly C. Hunsaker
Michael R. Rueckheim
200 Park Avenue
New York, NY  10166
(T) (212) 294-6627
(F) (212) 294-4700

Attorneys for Plaintiff
Palo Alto Networks