

Tarter Krinsky & Drogin LLP
1350 Broadway
New York, NY 10018
P 212.216.8000
F 212.216.8001
www.tarterkrinsky.com

**Mark J. Rosenberg**
Partner
212-216-1127
mrosenberg@tarterkrinsky.com

# MEMO ENDORSED

June 23, 2022

**Via ECF**

Hon. Edgardo Ramos
United States District Court
 Southern District of New York
40 Foley Square
New York, NY 10007

> The defendant Quest Patent Research Corporation's request for permission to file under seal an unredacted version of its motion to dismiss, supporting memorandum of law, and supporting declaration is GRANTED. It is SO ORDERED.
>
> _____
> Edgardo Ramos, U.S.D.J
> Dated: June 24, 2022
> New York, New York

Re:   *Palo Alto Networks, Inc. v. Taasera Licensing LLC and Quest Patent Research Corporation*, No. 1:22-cv-02306-ER
      Motion to Seal Unredacted Version of Motion to Dismiss and Declaration

Dear Judge Ramos:

We represent Defendant Quest Patent Research Corporation ("Defendant") in the above-referenced matter. Pursuant to Your Honor's Individual Practice Rule 3.ii., Defendant respectfully requests permission to file under seal an unredacted version of the Motion to Dismiss for Lack of Subject Matter Jurisdiction, or in the Alternative, for Failure to State a Claim, supporting memorandum of law, and supporting Declaration of Jon C. Scahill.

Plaintiff filed this action on March 22, 2022, asserting declaratory judgment claims for, *inter alia*, non-infringement. (ECF No. 1.) Plaintiff then filed its First Amended Complaint (the "Complaint"), on May 14, 2022. (ECF No. 21). Defendant's memorandum in support of its motion to dismiss and supporting declaration describes confidential business and agreement information, which will be redacted from the publicly filed versions. Filing an unsealed, unredacted version of the memorandum and declaration would disclose the information publicly, violating certain agreement confidentiality provisions.

In reviewing a motion to seal, courts consider three factors: (1) whether the document is a "judicial document"; (2) "the weight of the presumption of access to that document"; and (3) whether "the factors that legitimately counsel against disclosure of the judicial document" outweigh the presumption of access. *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020); *see also Lugosch v. Pyramid Co, of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). One factor that weighs against disclosure is privacy interests, such as the "interest in protecting confidential business information." *Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009). This Court has sealed judicial documents where such confidential business

Hon. Edgardo Ramos
June 23, 2022
Page 2

information would be disclosed. *See, e.g.*, *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (finding the "the privacy interests of the defendants outweigh the presumption of public access" for documents containing "highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting"); *Living Abroad LLC v. World Trade Resource, Inc. et al.*, No. 7-18-cv-00595 (S.D.N.Y. Jan. 23, 2018), ECF No. 4 (granting motion to seal agreements containing commercially sensitive information).

Here, the memorandum and declaration include confidential business and agreement information, and Defendant wishes to maintain the information as confidential. At the same time, Plaintiff would be prejudiced if it was unable to reference the information in bringing its declaratory judgment claims.

For the above reasons, Defendant respectfully requests that this motion to seal be granted.

Respectfully submitted,

Mark J. Rosenberg

cc: All Counsel of Record