**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PALO ALTO NETWORKS, INC., <br><br> Plaintiff, <br><br> v. <br><br> TAASERA LICENSING LLC and QUEST PATENT RESEARCH CORPORATION, <br><br> Defendants. | Case No. 1:22-cv-02306-ER/SDA |

**TAASERA LICENSING LLC AND QUEST PATENT RESEARCH
CORPORATION'S JOINT MEMORANDUM OF LAW IN OPPOSITION
TO PLAINTIFF PALO ALTO NETWORKS, INC.'S CROSS-MOTION
FOR LEAVE TO TAKE JURISDICTIONAL DISCOVERY (ECF 59)**

# TABLE OF CONTENTS

Page(s)

I. INTRODUCTION ............................................................................................................. 1

II. ARGUMENT ..................................................................................................................... 1

III. CONCLUSION .................................................................................................................. 4

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bristol-Myers Squibb v. Superior Ct. of Cal, S.F. Cty.*,
  137 S. Ct. 1773 (2017) ................................................................................................. 2

*Handal & Morofsky, LLC v. Viatek Consumer Products Group, Inc.*,
  No. 18 CIV. 1887 (ER), 2018 WL 5886122 (S.D.N.Y. Nov. 8, 2018) ........................ 3

*In re Hoosick Falls*,
  431 F. Supp. 3d 69 (N.D.N.Y. 2020) ........................................................................... 2

*Jazini v. Nissan Motor Co., Ltd.*,
  148 F.3d 181 (2d Cir. 1998) ................................................................................. 1, 2, 3

*Shenzhen OKT Lighting Co., Ltd. v. JLC-Tech LLC*,
  No. 20-cv-5062-EP, 2021 WL 4443637 (S.D.N.Y. Sept. 28, 2021) ..................... 1, 2, 3

**I.    INTRODUCTION**

All but admitting that it has not properly pled jurisdiction in its complaint, Plaintiff Palo Alto Networks, Inc. ("Palo Alto") now requests permission for jurisdictional discovery, hoping that a fishing expedition may uncover facts to support its position. But any jurisdictional discovery is futile. No amount of discovery will show what is required for Palo Alto to plead personal jurisdiction over Taasera Licensing LLC ("Taasera"): that this action arises out of business transacted by Taasera in New York. No such activity exists, as Taasera's efforts at enforcement which led to the case or controversy in this action occurred exclusively in Texas. Nor will any additional discovery lead to a conclusion that Taasera and its New York-based parent company, Quest Patent Research Corporation ("Quest"), are alter egos. That is because Palo Alto has not even alleged in its amended complaint or asserted in its motion papers that any domination of one entity by the other has been used to commit a fraud or wrong that injured Palo Alto.

**II.   ARGUMENT**

A plaintiff who is unable to state a *prima facie* case for personal jurisdiction is not entitled to jurisdictional discovery. *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 185 (2d Cir. 1998); *Shenzhen OKT Lighting Co., Ltd. v. JLC-Tech LLC*, No. 20-cv-5062-EP, 2021 WL 4443637, at *12 (S.D.N.Y. Sept. 28, 2021).

The instant motion consists of allegations repeated from the amended complaint which are either incorrect, fail to establish jurisdiction, or both. Rather than focus on its need to take jurisdictional discovery regarding specific facts, Palo Alto instead uses its brief to argue why the facts already in its possession are sufficient to confer personal jurisdiction over Taasera. Moreover, as with its amended complaint, Palo Alto's motion completely fails to address the fraud or injustice to it that has been caused by the purported alter ego relationship between Taasera and Quest.

Taasera is a Texas company with an office in Plano, Texas. It is managed by Timothy Scahill, a network security expert based in Germany. Palo Alto makes much of Taasera's connections to New York, such as hiring a New York law firm to file patent infringement cases on its behalf, and that it is also managed by Jon Scahill, who sits in New York. ECF 60 at 4. Palo Alto also repeats other irrelevant facts, such as that several patents were purchased from a Delaware corporation named Daedalus which has a location in Bronxville, New York. *Id.* But none of these facts support specific personal jurisdiction over Taasera.

For a court to exercise specific personal jurisdiction over Taasera, there must be an "affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State." *Bristol-Myers Squibb v. Superior Ct. of Cal, S.F. Cty.*, 137 S. Ct. 1773 (2017). This is a declaratory judgment action, based *solely* on Taasera having previously filed an action for patent infringement against Palo Alto in the Eastern District of Texas. But for that previous Texas litigation, no case or controversy would exist here. Therefore, any of the alleged connections to New York *do not relate to the controversy in this case*. No amount of jurisdictional discovery will uncover an additional litigation against Palo Alto, or any other fact to support jurisdiction over Taasera. *Jazini,* 148 F.3d at 185.

Knowing that Taasera has no relevant connections to New York, Palo Alto attempts to rope in Taasera's New York-based parent company, Quest, based on an alter ego theory and leverage jurisdiction based on this supposed relationship. Plaintiff itself acknowledges that an alter ego finding requires "that a failure to disregard [] separate identities would result in fraud or injustice." ECF 60 at 7 (quoting *In re Hoosick Falls*, 431 F. Supp. 3d 69, 79-81 (N.D.N.Y. 2020). But nowhere in its amended complaint or its briefing does Palo Alto identify what fraud or injustice is

2

being felled upon it by virtue of the alleged alter ego status.[1]  Because Palo Alto fails to even claim that such fraud exists, and such facts are uniquely in its possession, jurisdictional discovery would be futile.  *Jazini,* 148 F.3d at 185.

Finally, Palo Alto points to "inconsistencies in Defendants' previously submitted affidavits" as warranting jurisdictional discovery.  ECF 60 at 9.  Such "inconsistencies" turn out be a single alleged inconsistency, which is not inconsistent at all.  The affidavit properly states that "Quest and its Board of Directors do not control or manage Taasera's day-to-day . . . business activities."  ECF 60 at 9 (quoting ECF 36 ¶ 11).  This statement speaks for itself – Taasera is free to operate its day-to-day activities without control or management from Quest and without seeking permission to do so from Quest's Board of Directors.  Palo Alto's "gotcha" is the publicly-available fact that Jon Scahill, Quest's CEO, is also a manager of Quest.  *Id.*  But this fact does not contradict the earlier statement at all, nor does Palo Alto explain how it does so.  A mere overlap of ownership personnel, without more, is plainly insufficient to find alter ego status.  *Handal & Morofsky, LLC v. Viatek Consumer Products Group, Inc.*, No. 18 CIV. 1887 (ER), 2018 WL 5886122, at *6 (S.D.N.Y. Nov. 8, 2018).

Palo Alto's motion for jurisdictional discovery is thus futile and should be denied.  None of Taasera's remote connections to New York form the case or controversy that led to this declaratory judgment action.  Taasera and Quest cannot be alter egos because no fraud or injustice has been pled, and none of the other facts pled are sufficient to pierce the corporate veil.

---

[1] None of the facts alleged by Palo Alto lead to a conclusion that Quest dominates Taasera, or vice-versa, for the purposes of the alter ego analysis.  That one person, Jon Scahill, is the CEO of Quest and one of the managers of Taasera does not lead to an alter ego conclusion.  The undercapitalization of Taasera is discussed in Taasera's motion to dismiss.  ECF 55 at 13.  And the capital advance that Quest used to establish its subsidiary is completely irrelevant to any domination.  *Id.* at 14.

3

## III.   CONCLUSION

For the reasons described herein, the Court should dismiss Palo Alto's Cross-Motion for Leave to Take Jurisdictional Discovery (ECF 59).

Dated:  July 14, 2022                                             Respectfully Submitted,

FABRICANT LLP

 /s/ Alfred R. Fabricant
Alfred R. Fabricant
NY Bar No. 2219392
Email: ffabricant@fabricantllp.com
Joseph M. Mercadante (*Admitted Pro Hac Vice*)
NY Bar No. 4930478
Email: jmercadante@fabricantllp.com
411 Theodore Fremd Avenue,
Suite 206 South
Rye, New York 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

***ATTORNEYS FOR DEFENDANT
TAASERA LICENSING LLC***


TARTER KRINSKY & DROGINLLP

 /s/Mark J. Rosenberg
Mark J. Rosenberg
1350 Broadway, 11th Floor
New York, New York 10018
Tel. (212) 216-8000
Fax (212) 216-8001
mrosenberg@tarterkrinsky.com

***ATTORNEYS FOR DEFENDANT
QUEST PATENT RESEARCH CORPORATION***

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 14, 2022, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system to all counsel of record.

                                                 */s/ Alfred R. Fabricant*
                                                 Alfred R. Fabricant