## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

PALO ALTO NETWORKS, INC.,

                Plaintiff,

    v.

TAASERA LICENSING LLC and QUEST
PATENT RESEARCH CORPORATION,

             Defendants.

Case No. 1:22-cv-02306-ER/SDA

**MEMORANDUM OF LAW IN REPLY TO PALO ALTO'S OPPOSITION TO
TAASERA LICENSING LLC'S MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION, OR IN THE ALTERNATIVE,
<u>TO DISMISS FOR FAILURE TO STATE A CLAIM</u>**

# <u>TABLE OF CONTENTS</u>

**Page(s)**

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT .................................................................................................................. 1

    A. Personal Jurisdiction Over Taasera is Improper in this Judicial District ............... 1

        1. Palo Alto Fails to Identify Any Taasera Business Activities Occurring in New York that Support General Jurisdiction ...................... 1

        2. Specific Jurisdiction Cannot be Found in New York Because Taasera Has Not Conducted Patent Enforcement Activity Outside of Texas ........................................................................................................ 2

        3. Palo Alto Fails to Show the Exercise of Jurisdiction Over Taasera Satisfies Due Process ................................................................................ 4

    B. Quest's Contacts to New York Cannot be Imputed to Taasera ............................. 5

        1. Pleading Fraud or Injustice is Required ..................................................... 5

        2. Quest and Taasera Do Not Dominate Each Other ..................................... 7

    C. Palo Alto's Complaint Should Be Dismissed for Failure to State a Claim Under Rule 12(b)(6) ............................................................................................... 9

III. CONCLUSION .............................................................................................................. 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Adler*,
467 B.R. 279 (Bankr. E.D.N.Y. 2012)...................................................................8

*In re Aluminum Warehousing Antitrust Litig.*,
No. 13-MD-2481 (KBF), 2015 WL 892255 (S.D.N.Y. Mar. 3, 2015)......................8

*Applied Biosystems, Inc. v. Cruachem, Ltd.*,
772 F. Supp. 1458 (D. Del. 1991)..........................................................................7

*Avocent Huntsville Corp. v. Aten Int'l Co.*,
552 F.3d 1324 (Fed. Cir. 2008)...........................................................................2, 5

*BMC Software Belgium, N.V. v. Marchand*,
83 S.W.3d 789 (Tex. 2002)....................................................................................6

*Bridgestone/Firestone, Inc. v. Recovery Credit–Servs., Inc.*,
98 F.3d 13 (2d Cir.1996).........................................................................................8

*Brown v. Lockheed Martin Corp.*,
814 F.3d 619 (2d Cir. 2016)....................................................................................1

*Capmark Fin. Grp. Inc. v. Goldman Sachs Credit Partners L.P.*,
491 B.R. 335 (S.D.N.Y. 2013)................................................................................8

*Columbia Pictures Indus. v. Screen Gems Film Co.*,
No. 99 Civ. 4407, 2001 WL 1254838 (S.D.N.Y. Oct. 18, 2001) ............................8

*Comcast Cable Commc'ns, LLC v. OpenTV, Inc.*,
319 F.R.D. 269 (N.D. Cal. 2017)..........................................................................10

*Dirs. Guild of Am., Inc. v. Garrison Prods., Inc.*,
733 F. Supp. 755 (S.D.N.Y. 1998).........................................................................8

*E&E Co. v. London Luxury LLC*,
1:20-cv-09610, 2021 WL 5357474 (S.D.N.Y. Nov. 17, 2021) ............................10

*Evolve Techs., LLC v. Coil Winding Specialist, Inc.*,
No. 18 Civ. 00671, 2019 WL 1383272 (S.D. Cal. Mar. 27, 2019)........................10

*Grove Press, Inc. v. Angleton*,
649 F.2d 121 (2d Cir. 1981)....................................................................................4

*Handal & Morofsky, LLC v. Viatek Consumer Prods. Grp., Inc.*,
    No. 18 CIV. 1887 (ER), 2018 WL 5886122 (S.D.N.Y. Nov. 8, 2018) ............................5, 6, 8

*Kreutter v. McFadden Oil Corp.*,
    71 N.Y.2d 460 (1988) .................................................................................................6

*Lopez v. Fluidra USA LLC*,
    No. 21 Civ. 0044, Dkt. 19 (S.D. Cal. July 13, 2021) ...............................................10

*Marine Midland Bank, N.A. v. Miller¸*664
    F.2d 899, 903-04 (2d Cir. 1981) ...............................................................................6

*PetEdge, Inc. v. Marketfleet Sourcing, Inc.*,
    No. 16-12562-FDS, 2017 WL 2983086 (D. Mass. July 12, 2017)...........................10

*Pilot Inc. v. NOCO Co.*,
    No. CV-20-01452-PHX-SRB, 2021 WL 2188525 (D. Ariz. 2021) .........................10

*In re Platinum and Palladium Antitrust Litig.*,
    1:14-cv-9391-GHW, 2017 WL 1169626 (S.D.N.Y. March 28, 2017)......................6

*Shenzhen OKT Lighting Co. v. JLC-Tech LLC*,
    No. 20 CIV. 5062 (ER), 2021 WL 4443637 (S.D.N.Y. Sept. 28, 2021) ..................3

*Tannerite Sports, LLC v. Jerent Enters., LLC*,
    No. 6:15-cv-00180-AA, 2016 WL 1737740 (D. Or. May 2, 2016).........................10

*United States v. Bestfoods*,
    524 U.S. 51 (1998)......................................................................................................7

*Webasto Thermo & Comfort N. Am., Inc. v. Bestop, Inc.*,
    No. 16-cv-13456, 2017 WL 4535290 (E.D. Mich. Oct. 11, 2017)..........................10

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)................................................................................................1, 9

## I.    INTRODUCTION

The claims in a declaratory judgment action for non-infringement arise out of the patentee's enforcement of patent rights, which in this case is only the E.D. Texas Action. No facts or activities identified by Palo Alto could conceivably trigger specific jurisdiction here, as but-for the prior E.D. Texas Action, there would be no case or controversy in this declaratory judgment action.

Palo Alto implicitly admits that there is no jurisdiction over Taasera by attempting to add Quest to the case and claiming that the two entities are alter egos. But the two entities are not alter egos because Quest does not dominate Taasera in any way. Quest and Taasera operate in a typical parent-subsidiary relationship.

This action should also be dismissed under Federal Rule of Civil Procedure 12(b)(6) because, as Palo Alto admits, the Amended Complaint only provides a single conclusory allegation for each claim stating that its products do not infringe a single claim element.

## II.    ARGUMENT

### A.    Personal Jurisdiction Over Taasera is Improper in this Judicial District

#### 1.    Palo Alto Fails to Identify Any Taasera Business Activities Occurring in New York that Support General Jurisdiction

Palo Alto does not dispute that Taasera is a company formed and operating in Texas, and its response fails to identify any business Taasera conducted in New York. Opp. at 16-17. Because this is not "a truly 'exceptional' case, [Taasera] may be treated as 'essentially at home' only where it is incorporated or maintains its principal place of business," which is in Texas. *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 627 (2d Cir. 2016) (internal citation omitted).

Palo Alto alleges that Taasera is "more at home in New York" than Texas because Quest, its parent, is identified as the "manager" on the Texas certificate of formation. Opp. at 16-17. But the parent company, as opposed to an individual, is routinely listed as the "manager" of its subsidiaries on formation papers, and this fact alone fails to show that the Texas-formed and operating subsidiary conducts any business in New York.

Palo Alto fails to identify even a single Taasera business transaction, much less *continuous and permanent* activity, occurring in New York. *See* Opp. at 16-17. This is not a "truly exceptional" case, and Taasera is only "at home" in Texas.

> **2.     Specific Jurisdiction Cannot be Found in New York Because Taasera Has Not Conducted Patent Enforcement Activity Outside of Texas**

In a declaratory judgment action, the claims arise out of "the activities of the defendant patentee in enforcing the patent or patents in suit." *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1332 (Fed. Cir. 2008). "The relevant inquiry for specific personal jurisdiction purposes then becomes to what extent has the defendant patentee 'purposefully directed [such enforcement activities] at residents of the forum,' and the extent to which the declaratory judgment claim 'arises out of or relates to those activities.'" *Id*. (citation omitted). This declaratory judgment action arises **only** from the E.D. Texas Action filed by Taasera in its home court in Texas, alleging infringement by Palo Alto—a company operating in Texas and formed under Delaware law. Dkt. 21, ¶¶ 1, 20, and 21. None of the facts related to dealings prior to the triggering event of Taasera's patent enforcement action against Palo Alto could possibly give rise to this action, and are thus irrelevant.

First, Palo Alto alleges that Quest is listed as the "manager" of Taasera on the formation certificate, and that one of Taasera's managers, Jon Scahill, lives and teleworks from his home in New York. Opp. at 9. These facts related to Taasera's formation and corporate structure do not relate to patent enforcement efforts, nor do they show that Taasera conducts business in New York. Similarly, that the mailing address for patent office correspondence including Quest and Mr. Scahill's New York address does not evidence business activity, nor is it related to patent enforcement.

Palo Alto also notes that Quest's website identifies Taasera's patent portfolio and patent activities. Opp. at 9-10. But Quest identifies all of its subsidiaries on its website and their current activities.[1] Merely reporting on the activities of its subsidiaries on its website does not somehow make the subsidiaries' activities those of Quest and occurring in New York.

Second, Palo Alto incorrectly argues that activities related to the purchase of some of the Patents-in-Suit are business activities in New York and are related to the enforcement efforts. Palo Alto is incorrect on both counts. First, Daedalus is a Delaware company and Taasera is a Texas company, so any contractual agreements executed between the two companies are the business of Delaware and Texas, not New York. Second, the purchase of patents from Daedalus and the terms of payment are not related to patent enforcement. This declaratory judgment action against Palo Alto does not arise from Taasera's purchase of the Patents-in-Suit or its "relationships" with Quest; "rather, it arises out of [Taasera]'s threat of patent enforcement against [Palo Alto]," which occurred exclusively in Texas. *Shenzhen OKT Lighting Co. v. JLC-Tech LLC*, No. 20 CIV. 5062

---

[1] Palo Alto's web presence is significantly more integrated with its subsidiaries as each of Palo Alto's subsidiary websites forward directly to Palo Alto's home website. *See, e.g*., http://www.redlock.io/; https://www.aporeto.com/; https://www.twistlock.com/; https://www.cloudgenix.com.

(ER), 2021 WL 4443637, at *7 (S.D.N.Y. Sept. 28, 2021). **<u>But-for the Texas action, there would be no case or controversy here.</u>** Accordingly, because Taasera's patent enforcement activities are confined to its home state of Texas, Palo Alto cannot establish that this District Court has specific jurisdiction over Taasera.

Palo Alto presents the tertiary argument that Quest and Jon Scahill are agents of Taasera, and that because Quest identifies Taasera (along with all of its other subsidiaries) and the E.D. Texas Action (along with all of its subsidiaries' actions) on its website, this case arises from activities conducted in New York. Opp. at 13-14. Regarding the agency argument, Palo Alto fails to provide the required showing, merely stating that Quest and Mr. Scahill are managers of Taasera. *Grove Press, Inc. v. Angleton*, 649 F.2d 121, 122 (2d Cir. 1981). This is insufficient to show they are agents of Taasera and that they conducted activities related to patent enforcement against Palo Alto in New York. Palo Alto's argument that the case arises from New York activities because Quest's website emphasizes New York and shows the New York City skyline (Opp. at 14), is equally unavailing as it is again wholly unsupported by fact and law. The only activity giving rise to this case is the E.D. Texas Action, and merely identifying the case caption on a website that mentions New York does not make the E.D. Texas Action a New York activity.

### 3. Palo Alto Fails to Show the Exercise of Jurisdiction Over Taasera Satisfies Due Process

Palo Alto does not provide an analysis of the first two factors for due process—whether Taasera purposefully directed activities at residents of the forum and whether the claim arises out of those activities. Rather, it relies on its analysis under Section 302(a)(1) and the facts previously discussed. As explained above, none of the facts alleged by Palo Alto, *i.e.*, the location of Taasera's parent and manager, the patent purchase agreement, and Quest's website identifying the E.D. Texas Action, are activities directed at New York residents that give rise to this declaratory

judgement claim. The only activity that gives rise to Palo Alto's declaratory judgment claim is the E.D. Texas Action, and all events and activities related to that action occurred in Texas. *Avocent Huntsville*, 552 F.3d at1332 .

Personal jurisdiction over Taasera is also not reasonable or fair. Contrary to Palo Alto's argument, Quest and Jon Scahill do not "carry out [Taasera's] activities in New York." Opp. at 15.

.

New York does not have an interest in adjudicating this action and litigating in New York would be substantively burdensome to Taasera. Palo Alto's interest in obtaining convenient and effective relief would be equally served, if not better served, if this case were in Texas, as Palo Alto is a Delaware corporation with its principal place of business in California and a regular and established place of business in the Eastern District of Texas. Dkt. 21, ¶ 2; Dkt. 55-1, Ex. 1, ¶ 2. The remaining factors identified by Palo Alto are unsupported as they fail to provide any evidence that Taasera is a "common non-practicing-entity."[2]

## B.   Quest's Contacts to New York Cannot be Imputed to Taasera

### 1.   Pleading Fraud or Injustice is Required

Palo Alto improperly argues that, for jurisdictional purposes, pleading fraud or injustice is not required. Opp. at 17. This is false. In order to show a company is merely a "shell," Palo Alto is required to show (1) complete domination *and* (2) fraud. *Handal & Morofsky, LLC v. Viatek Consumer Prods. Grp., Inc*., No. 18 CIV. 1887 (ER), 2018 WL 5886122, at *5 (S.D.N.Y. Nov. 8,

---

[2] It is unclear what, if any, the legal ramifications of being a "common non-practicing entity" are.

2018). The case law cited by Palo Alto on this point is unavailing. *Marine Midland Bank, N.A. v. Miller¸* 664 F.2d 899, 903-04 (2d Cir. 1981) is related to the limited situation of when a corporation can be considered an alter ego of an *individual* for the purposes of invoking the "fiduciary shield" doctrine. *Id.* at *903 ("[i]n determining whether a corporation for which *an owner-employee* acts is really 'another,' it is sufficient to inquire whether the corporation is a real or shell entity.") (emphasis added). But this case does not concern a corporation acting as a shell for an *individual*, nor does it concern the fiduciary shield doctrine.[3] Palo Alto is incorrect in expanding this holding to an alter ego analysis beyond that of the fiduciary shield doctrine. *See In re Platinum and Palladium Antitrust Litig.*, 1:14-cv-9391-GHW, 2017 WL 1169626, at *47 n.23 (S.D.N.Y. March 28, 2017) ("The Court does not read *Marine Midland* as establishing a less onerous standard applicable in *all cases* involving an alter ego analysis in the personal jurisdiction context.") (emphasis added).[4]

Further, Plaintiff does not address the alter ego requirements in the two states of incorporation of the alleged alter egos, Texas and Delaware. "Under New York choice of law principles, 'the law of the state of incorporation determines when the corporate form will be disregarded.'" *Handal*, 2018 WL 5886122, at *5 (citation omitted). In Texas, the "law presumes that two separate corporations are indeed distinct entities," and alter ego may be found for jurisdictional purposes only if there is evidence "that the two entities cease to be separate so that the corporate fiction should be disregarded to prevent ***fraud or injustice***." *BMC Software Belgium,*

---

[3] The fiduciary shield doctrine, which did not subject a corporate employee sued in his personal capacity to jurisdiction if his contacts with the forum state were solely on behalf of his employer, was revoked in 1988. *Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460, 468 (1988).

[4] "At least two courts in this district observed that the question of whether the same standard that governs the alter ego analysis for liability purposes controls for jurisdictional purpose[s] has not yet been addressed by the Second Circuit and that courts have taken a variety of approaches when confronted with this question." *Id.* at *47 n.21 (collecting cases).

*N.V. v. Marchand*, 83 S.W.3d 789, 798-99 (Tex. 2002) (emphasis added). In Delaware, for jurisdiction "[u]nder the alter ego or piercing the corporate veil doctrine, courts will ignore the corporate boundaries between parent and subsidiary *if fraud or inequity is shown*." *Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772 F. Supp. 1458, 1463 (D. Del. 1991) (emphasis added). Palo Alto's pleadings fail to meet the fraud element required by any applicable law.

### 2.    Quest and Taasera Do Not Dominate Each Other

Even assuming *arguendo* that no fraud showing is required (it is), not a single fact shows that the relationship between Taasera and its parent is anything other than a typical parent-subsidiary relationship. Activities consistent with the parent's and subsidiary's relationship should not give rise to a finding of an alter ego. *See United States v. Bestfoods*, 524 U.S. 51, 72 (1998).

First, Palo Alto refers to a statement made in Quest's Form 10k regarding patent enforcement and litigation, but this statement does not imply that Taasera (or Quest) is undercapitalized. Opp. at 18. The statement Palo Alto highlights clearly states that a *hypothetical* monetary sanction issued by a court against Taasera may result in loss of the patents as they are the assets that would be used to cover the cost of sanctions. *Id.* That there could even be a judgment against Taasera is entirely speculative, and Palo Alto fails to provide legal support suggesting that a lack of resources to cover speculative attorney fees awards renders an entity undercapitalized. Moreover, the statement says nothing about Taasera or Quest failing to pay an obligation, nor does it suggest that the patent assets, which themselves have real value, would be inadequate for any speculative court ordered sanction.

Second, Palo Alto notes that Jon Scahill is the chief executive officer of Quest and a manager of Taasera, and that on patent office filings for some of the Patents-in-Suit Quest's Rye office address is listed. Opp. at 18. These facts are not evidence of domination, as Quest and its subsidiaries are small companies such that managers must wear multiple hats and take on duties

for different companies. *Columbia Pictures Indus. v. Screen Gems Film Co.*, No. 99 Civ. 4407, 2001 WL 1254838, at *10 (S.D.N.Y. Oct. 18, 2001) (citing *Bridgestone/Firestone, Inc. v. Recovery Credit–Servs., Inc.*, 98 F.3d 13, 17 (2d Cir.1996)). Allegations that parent and subsidiary share executives and managers are manifestly insufficient to establish an alter ego. *See, e.g., In re Adler*, 467 B.R. 279, 288 (Bankr. E.D.N.Y. 2012) citing *Dirs. Guild of Am., Inc. v. Garrison Prods., Inc.*, 733 F. Supp. 755, 760 (S.D.N.Y. 1998); *Capmark Fin. Grp. Inc. v. Goldman Sachs Credit Partners L.P.*, 491 B.R. 335, 349-350 (S.D.N.Y. 2013); *In re Aluminum Warehousing Antitrust Litig.*, No. 13-MD-2481 (KBF), 2015 WL 892255, at *16 (S.D.N.Y. Mar. 3, 2015).

.

Third, Palo Alto incorrectly alleges that Taasera and Quest are not independent profit centers because Quest's website lists Taasera's patent portfolio and Taasera's litigations. Opp. at 18. "[R]eliance on [Quest's] personal website to show [Quest's] domination of [Taasera] is completely unavailing." *Handal,* 2018 WL 5886122, at *7. A parent reporting on its subsidiaries' activities does not make the activities that of the parent, much less show that the subsidiary is a source of profit for the parent and not itself. Indeed, Palo Alto has not even alleged that Taasera or Quest have received profits.

.

Fourth,

The factors Palo Alto avoided discussing in its response further support that Quest does not dominate Taasera. First, regarding corporate formalities, Taasera has always been a separate and distinct entity from Quest.

**C.      Palo Alto's Complaint Should Be Dismissed for Failure to State a Claim Under Rule 12(b)(6)**

Palo Alto admits that its Amended Complaint only provides conclusory allegations insufficient to state a claim—"for each patent, PAN identified at least one specific limitation that is missing from the accused PAN products and included factual allegations that those feature(s)

are not present in the accused products." Opp. at 19. The "factual allegations" Palo Alto refers to are *conclusory*, not *factual*, statements: "Palo Alto Networks' accused products do not infringe at least because they do not [perform one claim element]." Dkt. 21, ¶¶ 24, 28, 32, 36, 40, 44, 48, 52, and 54. Palo Alto's threadbare declaratory judgment claims, including only conclusory allegations, are precisely the type of claims this Court has held "plainly are not sufficient to state a plausible claim for non-infringement." *E&E Co. v. London Luxury LLC*, 1:20-cv-09610, 2021 WL 5357474 at *3 (S.D.N.Y. Nov. 17, 2021). Palo Alto's attempt to distinguish *E&E* fails, as the claim there stated precisely the same thing as Palo Alto's claims except that it alleged the entire claim was not infringed, instead of a single element.[5] That Palo Alto narrowed down its conclusory allegations to one claim element, which it regurgitates and states is not performed, does not transform the allegation to fact or render the precedence of *E&E* inapplicable. Palo Alto points to no actual facts and provides no factual allegations showing how the products do not infringe, which is plainly insufficient.[6] Accordingly, Palo Alto's complaint should be dismissed.

## III.    CONCLUSION

For the reasons described herein, the Court should dismiss Palo Alto's Complaint for Declaratory Judgment for lack of personal jurisdiction or, in the alternative, for failure to state a claim.

---

[5] The cases relied on by Palo Alto are inapposite. In *Lopez*, the defendant provided factual allegations explaining *how* the specific claim limitations were not met by the accused products. *Lopez v. Fluidra USA LLC*, No. 21 Civ. 0044, Dkt. 19 at ¶ 21 (S.D. Cal. July 13, 2021). In *Evolve*, the court explained that it is only "California district courts [that] have found general denials of infringement sufficient." *Evolve Techs., LLC v. Coil Winding Specialist, Inc.*, No. 18 Civ. 00671, 2019 WL 1383272, at *3 (S.D. Cal. Mar. 27, 2019).

[6] *See Comcast Cable Commc'ns, LLC v. OpenTV, Inc.*, 319 F.R.D. 269, 273 (N.D. Cal. 2017); *Tannerite Sports, LLC v. Jerent Enters., LLC*, No. 6:15-cv-00180-AA, 2016 WL 1737740, at *4 (D. Or. May 2, 2016); *Pilot Inc. v. NOCO Co.*, No. CV-20-01452-PHX-SRB, 2021 WL 2188525, *4 (D. Ariz. 2021); *Webasto Thermo & Comfort N. Am., Inc. v. Bestop, Inc.*, No. 16-cv-13456, 2017 WL 4535290, *3-*5 (E.D. Mich. Oct. 11, 2017); *PetEdge, Inc. v. Marketfleet Sourcing, Inc.*, No. 16-12562-FDS, 2017 WL 2983086, *3 (D. Mass. July 12, 2017).

Dated: July 21, 2022                    Respectfully Submitted,

                                        By: _/s/ Alfred R. Fabricant_____
                                             Alfred R. Fabricant
                                             NY Bar No. 2219392
                                             Email: ffabricant@fabricantllp.com
                                             FABRICANT LLP
                                             411 Theodore Fremd Avenue,
                                             Suite 206 South
                                             Rye, New York 10580
                                             Telephone: (212) 257-5797
                                             Facsimile: (212) 257-5796

                                             ***ATTORNEYS FOR DEFENDANT***
                                             ***TAASERA LICENSING LLC***

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2022, the foregoing was filed electronically with the Clerk

of Court to be served by operation of the Court's electronic filing system to all counsel of record.

*/s/ Alfred R. Fabricant*
Alfred R. Fabricant